PENNING v. OWENS.

1. TOWNSHIPS—ZONING ORDINANCE—AMENDMENT.
   Proposed amendment to township zoning ordinance *held,* to have
   been initiated by the method prescribed therein, where pe-
   titioner obtained the required number of signatures of nearby
   property owners to his petition for amendment and filed the
   petition with the township clerk (CL 1948, § 125.283; Plain-
   field Township Zoning Ordinance, § 15).

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 2]  58 Am Jur, Zoning § 176.
[3]  52 Am Jur, Towns and Townships § 10.
[4]  58 Am Jur, Zoning § 146.
[5]  58 Am Jur, Zoning § 159.
[6]  58 Am Jur, Zoning § 152.
[7–9]  58 Am Jur, Zoning § 39.
[10]  58 Am Jur, Zoning § 207.
[11]  14 Am Jur, Costs § 91.

2. SAME—ZONING ORDINANCE—AMENDMENT—COUNTERPETITION.

Township board is assumed to have adopted amendment of zoning ordinance upon its own initiative for purposes of the appeal, where a substantial number of those who had signed defendants' petition to amend had reconsidered their action and filed a counterpetition objecting to the petition (CL 1948, § 125.283; Plainfield Township Zoning Ordinance, § 15).

3. SAME—ORDINANCES—VALIDITY PRESUMED.

A township ordinance is presumed to be valid.

4. SAME—ZONING ORDINANCE—CONTINUATION OF NONCONFORMING USES.

The provision of a township zoning ordinance permitting the continuation of a nonconforming use is designed to avoid the imposition of hardship upon the owner of property, but the limitations upon such use contemplate the gradual elimination of the nonconforming use (CL 1948, § 125.286; Plainfield Township Zoning Ordinance, § 11).

5. SAME—ZONING ORDINANCE—NONCONFORMING USE ON ADJOINING PROPERTY.

The rezoning of 2 lots in a township subdivision, zoned in its entirety as residential, so as to permit the commercial use of such 2 lots was contrary to the existing plan of zoning, notwithstanding adjoining property had been used for commercial purposes, since the continuation of a nonconforming use on adjoining property affords no justification for the extension of it to other property in the subdivision (CL 1948, § 125.286; Plainfield Township Zoning Ordinance, § 11).

6. SAME—ZONING ORDINANCE—REZONING—PRIOR NONCONFORMING USE.

The fact that property in township subdivision, completely zoned for residential purposes, had been used for commercial purposes prior to adoption of the zoning ordinance but was used at the time of adoption for residential purposes, would not justify rezoning it for use for commercial purposes after ordinance had been adopted (CL 1948, § 125.286; Plainfield Township Zoning Ordinance, § 11).

7. SAME—ZONING ORDINANCE—REZONING—VALUE.

The fact that defendants' 2 lake-front lots would be more valuable as commercial property for maintenance of a boat livery in a township subdivision, otherwise zoned exclusively for residence purposes, does not justify the rezoning of the 2 lots to permit use for commercial purposes (CL 1948, § 125.286; Plainfield Township Zoning Ordinance, § 11).

8. SAME—REZONING—ARBITRARY ACTION.

Action of township board in rezoning 2 lake-front lots of subdivision, zoned exclusively for residence purposes, so as to permit their use for commercial purpose of boat livery *held,* arbitrary and unreasonable and not in keeping with a plan of zoning as required by the enabling statute (CL 1948, §§ 125.-271, 125.273, 125.283, 125.286; Plainfield Township Zoning Ordinance, § 11).

9. SAME—SPOT ZONING—CONSTRUCTION OF ORDINANCE OR AMENDMENT.

A township zoning ordinance, or amendment thereto, creating a small zone of inconsistent use within a larger zone, commonly called "spot zoning," is closely scrutinized by a court and sustained only when the facts and circumstances indicate a valid exercise of the zoning power.

10. SAME—REZONING—UNIFORM USE.

Economic gain to the landowner is insufficient reason for invoking the township board's power of amending a township zoning ordinance when the property is capable of full use within the limitations for which it is zoned and the use kept uniform (CL 1948, § 125.271).

11. COSTS—TOWNSHIPS—REZONING.

No costs are allowed in either the trial court or Supreme Court upon reversal in suit by nearby property owners to have an amendment to a township zoning ordinance invalidated and individual defendant enjoined from using his property for commercial purposes, where township subdivision had been zoned exclusively for residential purposes (CL 1948, §§ 125.-271, 125.273, 125.283, 125.286; Plainfield Township Zoning Ordinance, § 11).

Appeal from Kent; Brown (William B.), J. Submitted June 18, 1954. (Docket No. 70, Calendar No. 46,182.) Decided September 8, 1954.

Bill by Martin Penning and Jacoba Penning, Alvin Sherman and Minnie Sherman against Lloyd P. Owens and Plainfield township, to invalidate amendment to zoning ordinance and restrain use of property for commercial purposes. Bill dismissed. Plaintiffs appeal. Reversed and decree ordered entered.

*Linsey, Shivel, Phelps & Vander Wal,* for plaintiffs.

*Richard C. Annis,* for defendant Plainfield township.

*J. Robert Smolenski,* for defendant Owens.

Butzel, C. J.   Plaintiffs, Martin and Jacoba Penning and Alvin and Minnie Sherman, as property owners in Post's Plat of Pine Island lake, Plainfield township, Kent county, Michigan, filed a bill against Plainfield township and Lloyd P. Owens, defendants, seeking to have an amendment to the zoning ordinance of Plainfield township declared null and void, and to restrain defendant Owens from operating a boat livery upon his premises under the ordinance as amended.   After a full hearing, the trial judge denied plaintiffs' requested relief and dismissed the bill and plaintiffs have appealed.

Defendant Owens is the owner of lots 36 and 37 of Post's Plat of Pine Island lake, herein referred to as Post's plat.   Plaintiffs Sherman own lots 38, 39, 40 and 41 directly to the south of defendant's property and plaintiffs Penning own lots 47 and 48 which are located across Pine Island boulevard approximately opposite defendant's property to the east.   The property of Owens and the Shermans is bounded on the west by Pine Island lake.   Eight lots to the northeast of Owen's property between Pine Island boulevard and the lake are owned by a Mrs. DeBoer.

Pursuant to the enabling act, the township rural zoning act (CL 1948 and CLS 1952, § 125.271 *et seq.* [Stat Ann 1949 Rev and Stat Ann 1953 Cum Supp § 5.2963(1) *et seq.*]), Plainfield township on April 3, 1948, adopted a zoning ordinance.   The area in question was zoned as "A Residential" which area is restricted in buildings and use to private or 2-family

dwellings, churches, schools, libraries, farming, and accessory dwellings used in connection with the above. In September, 1952, defendant Owens prepared a petition requesting that the zoning ordinance be amended to classify his property as "Commercial 1." This petition was prepared in compliance with section 15 of the ordinance which provides as follows:

"B—Any resident of Plainfield township may bring before said zoning board any proposed amendment or change in the following manner:

"(1) Upon petition duly signed by not less than 75% of the owners of all property within 500 feet of any part of the premises to be directly affected, with the addresses of the signers and with the legal description of the property owned by each signer, being filed with the township clerk, praying for the adoption of any specified amendment or change or regulation under this zoning ordinance, the township clerk shall promptly determine to his own satisfaction whether the petition has the required signatures, descriptions and addresses, and if he so finds in the affirmative, he shall file the same with the secretary of the zoning board within 10 days from the date the petition was filed with said clerk. The determination by said township clerk as aforesaid shall be conclusive that the petition has the required signatures, descriptions and addresses, and any other required information."

On September 12, 1952, Carl F. Fischer, the township clerk, returned the petition to Owens, stating that it was defective in not supplying the legal description of the property owned by each signer. The petition was then corrected and returned to the township clerk on September 21, 1952, then certified by Fischer and forwarded to the township zoning board for study and recommendation. CL 1948, § 125.283 (Stat Ann 1949 Rev § 5.2963[13]). On September

24, 1952, the zoning board accepted the petition and authorized the publication of notice of hearing. A hearing was set for November 3, 1952, and due notice by publication was given.

In the meantime several persons, including plaintiff Martin Penning, who had signed the Owens' petition, changed their minds and notified Fischer that they desired to have their names removed from the Owens' petition. Fischer had at that time certified Owens' petition and forwarded it to the zoning board. He therefore suggested that the group file a counterpetition. The group prepared a counterpetition which stated that after reconsideration the petitioners objected to Owens' petition even though they had originally signed it. This counterpetition was filed with the township clerk and transmitted to the zoning board and was in the latter's possession on November 3, 1952, the date of the hearing on the petition.

Following a full public hearing before the zoning board, the board recommended that Owens' petition to rezone his property be granted. This recommendation was forwarded to the Plainfield township board. On March 7, 1953, a full hearing was held before the township board. Seventy persons were present and discussion on the petition to rezone continued for 2 hours. The township board then adopted the recommendations of the zoning board and rezoned Owens' property as "Commercial 1" with the provision that he furnish adequate parking space on his premises for customers. The zoning board in its recommendation and the township board in its action in rezoning Owens' property stated that Owens' property adjoined commercial property; that the property was favorably situated for commercial purposes; that the property had more value as commercial property; that adequate parking space could be provided on the Owens' property; and that the

opposition to rezoning was based upon a desire to keep down competition in the boating business and to limit public fishing.

Plaintiffs assert 2 basic grounds of appeal. It is first contended that the proceedings before the Plainfield zoning and township boards were irregular and improper in that the proceedings were not in conformity with the provisions of the Plainfield township zoning ordinance, particularly section 15 set forth above. Plaintiffs contend that the counterpetition filed with the township clerk nullified Owens' petition in that 75% of property owners within 500 feet of Owens' property could not then be considered as having signed the original petition. Since the obtaining of signatures of neighboring owners was the means by which the amendment was proposed, plaintiffs contend that the entire proceedings were invalid since the means of proposal were invalid. Plaintiffs assert, secondly, that the action of the township board in amending the zoning ordinance was arbitrary and unreasonable, was an abuse of the power of zoning, and not in conformity with the basic plan or standards set up by the statute authorizing zoning.

Some confusion in terminology is prevalent in the record and briefs in regard to the procedural method adopted by defendant Owens in seeking authority to operate the boat livery upon his premises. From the record before us it is evident that Owens was not seeking a variance based upon practical difficulties or unnecessary hardship within the spirit of the ordinance (CL 1948, § 125.293 [Stat Ann 1949 Rev § 5.2963(23)]; Plainfield township zoning ordinance, § 16, subd G); nor was he seeking an exception if permissible to be found within the terms of the ordinance. *Mitchell* v. *Grewal*, 338 Mich 81. Defendant Owens initiated a proposed amendment to the

zoning ordinance itself by the procedure of section 15 set forth above.

Solely for the purposes of this appeal, we shall assume that the township zoning board took cognizance of the counterpetition filed by the group in opposition to Owens and, therefore, under section 15, subd 2A, proposed and recommended the adoption of the present amendment upon its own initiative. (CL 1948, § 125.283 [Stat Ann 1949 Rev § 5.2963(13)].) We direct attention solely to the validity of this amendment.

The enabling statute provides:

"The township board of any organized township in the State of Michigan may provide by ordinance for the establishment of zoning districts in the unincorporated portions of such townships within which districts the use of land for agriculture, forestry, recreation, residence, industry, trade, * * * may be encouraged, regulated or prohibited, and for such purposes may divide unincorporated portions of the township into districts of such number, shape and area as may be deemed best suited to carry out the provisions of this act. * * * *All such provisions shall be uniform for each class of land or buildings, dwellings and structures, including tents and trailer coaches, throughout each district, but the provisions in 1 district may differ from those in other districts.*" (CL 1948, § 125.271 [Stat Ann 1949 Rev § 5.2963(1)].)   (Emphasis added.)

"*The provisions of the zoning ordinance shall be based upon a plan designed to promote the public health, safety, morals and general welfare,* to encourage the use of lands in accordance with their character and adaptability and to limit the improper use of land, to avoid the overcrowding of population, to provide adequate light and air, to lessen congestion on the public roads and streets, to reduce hazards to life and property, to facilitate adequate provision for a system of transportation, sewage dis-

posal, safe and adequate water supply, education, recreation and other public requirements, and to conserve the expenditure of funds for public improvements and services to conform with the most advantageous uses of land, resources and properties; and shall be made with reasonable consideration, among other things, to the character of each district, its peculiar suitability for particular uses, the conservation of property values and natural resources, and the general and appropriate trend and character of land, building and population development." (CL 1948, § 125.273 [Stat Ann 1949 Rev § 5.2963(3)].) (Emphasis added.)

Plaintiffs assert that the action of the township board in adopting the present amendment was arbitrary and unreasonable and not in compliance with the legislative mandate that the zoning ordinance "be based upon a plan designed to promote the public health, safety, morals, and general welfare." We must determine, in light of the presumption of validity of the amendment (*Portage Township* v. *Full Salvation Union,* 318 Mich 693), whether the rezoning of defendant Owens' 2 lots as "Commercial 1" district constitutes a valid exercise of the police power as delegated to the township board, *Austin* v. *Older,* 283 Mich 667, or bearing no substantial relation to the public health, safety, morals and general welfare, constitutes an arbitrary exercise of that power. *Fass* v. *City of Highland Park,* 321 Mich 156.

In adopting the amendment the township board stated that "said property is adjacent to commercial property of which it was formerly a part, and is most valuable for commercial purposes." From the record it appears that prior to 1945 one Kornoelje owned Owens' property and several lots to the northeast between Pine Island boulevard and the lake. A pavilion had been erected on the extreme northeast portion of this land and the property was used for

the commercial purposes of public bathing, boat rental, et cetera, for over 25 years. In 1945 Owens purchased lots 36 and 37 from the Kornoelje estate and used the lots for residential purposes exclusively until 1949 at which time he began renting boats. Mrs. DeBoer purchased the 8 Kornoelje lots northeast of Owens and continued operating the pavilion. There are 2 cottages on the DeBoer property immediately adjacent to Owens' lots which are rented as residential cottages. A second pavilion, referred to in the record as the Ketchel pavilion, is 1/2 mile distant from Owens' property and is situated in a separate district zoned as commercial. Excepting the commercial use at the DeBoer pavilion, Post's Plat is exclusively a residential district and is so zoned.

The commercial use of the DeBoer pavilion within the district zoned as residential is expressly authorized by statute. The statute provides:

"The lawful use of any dwelling, building or structure and of any land or premise as existing and lawful at the time of enactment of a zoning ordinance, or, in the case of an amendment of an ordinance, then at the time of such amendment, may be continued although such use does not conform with the provisions of such ordinance or amendment. The township board shall provide in any zoning ordinance for the completion, restoration, reconstruction, extension or substitution of nonconforming uses upon such reasonable terms as may be set forth in the zoning ordinance." (CL 1948, § 125.286 [Stat Ann 1949 Rev § 5.2963(16)].)

Section 11 of the Plainfield township zoning ordinance provides:

"1. Continuance of Use.
"The lawful use of any premises existing at the time of adoption of this ordinance may be continued, although such does not conform to the provisions

hereof, *but if such nonconforming use is discontinued, the future use of said premises shall be in conformity with the provisions of this ordinance.* (Emphasis added.)

"2. Extension of Use.

"The lawful use of a building existing at the time of the adoption of this ordinance may be continued, although such use does not conform to the provisions hereof, and such use may be extended throughout the building provided no structural alterations are made therein, except those required by law or ordinance or such as may be required for safety, or such as may be necessary to secure or insure the continued advantageous use of the building during its natural life or the erection to its full height as originally planned of a building with a foundation and structural members designed to carry a higher building.

"3. Extension to other premises.

"The expansion of a nonconforming use, not exceeding 100% of the existing use, shall be permitted subject to lawful regulation now or hereafter enacted, *where the result will not be to unduly prolong the existence of the use,* provided such expansion shall be only on property owned at the time of the passage of this ordinance by the same owner of the property which such nonconforming use was situated and immediately adjoining or separated only by 1 street or 1 alley." (Emphasis added.)

In regard to prior existing nonconforming uses provided for in zoning ordinance, this Court stated in *Cole* v. *City of Battle Creek,* 298 Mich 98, 104:

"The continuation of a nonconforming use in this zoning ordinance is designed to avoid the imposition of hardship upon the owner of property, but the limitations upon such use contemplate the gradual elimination of the nonconforming use."

See, also, *Palmer* v. *City of Detroit,* 306 Mich 449; *Redford Moving & Storage Company* v. *City of De-*

*troit,* 336 Mich 702. Such statement applies to the present ordinance.

The existence of a nonconforming commercial use adjacent to the Owens' property, the gradual elimination of which is contemplated under the basic plan of the zoning ordinance, cannot be used as a reason justifying the action of the township board in rezoning Owens' lots as commercial. The presence of this commercial use was the principal basis for the board's action in rezoning Owens' property as a commercial district. Post's Plat in its entirety is zoned as "residential." The plan of zoning adopted by the township board is premised upon the theory that the public health, safety, morals and general welfare will be advanced by restricting the building and use of land in Post's Plat to residential purposes as set forth in the ordinance. The commercial activity on the DeBoer property is within that plan of the ordinance since the zoning of that property as residential subject to the prior existing nonconforming use anticipates the eventual elimination of the nonconforming use at which time the entire area will in actuality be used for residential purposes in conformity with the theoretical plan. In looking to the adjacent nonconforming use as justification for the rezoning of Owens' 2 lots as commercial, the township board has acted contrary to the existing plan of zoning. No substantial change in the character of the area from the time of the adoption of the ordinance is asserted in support of adoption of a new plan of zoning.

We may assume, as did the township board, that the 2 lots of defendant Owens when previously owned by Kornoelje were used for commercial purposes. Such does not justify the amendment rezoning Owens' property as commercial. Nor would such, under the present facts, authorize Owens to use his property for commercial purposes as a non-

conforming use. A nonconforming commercial use thereon is prohibited by section 11; subd 1, of the zoning ordinance set forth above. Owens testified that he used the property for residential purposes exclusively from 1945 to 1949. The zoning ordinance was adopted in 1948. Owens discontinued a prior commercial use, assuming there was such, and therefore the future use of his premises must be in conformity with the provisions of the ordinance zoning his property as residential.

The fact that Owens' property is favorably situated for commercial purposes and has a greater value as commercial property does not alone justify the rezoning of the lots as commercial. *Moreland* v. *Armstrong,* 297 Mich 32. Such reasoning would apply as well to the property of other owners on the lake who have used their property for residential purposes within the terms of the zoning ordinance. Owens does not contend that his lots are unsuitable for or worthless as residential property, but merely asserts a desire to use his lots for boat rental purposes in order to obtain "extra revenue." This factor alone cannot be said to distinguish Owens' property from the other lots in the area and thereby justify the creation of a commercial zone of 2 lots in an otherwise exclusive residential district.

Upon a careful examination of the record we are of the opinion that the action of the township board was arbitrary and unreasonable and not in keeping with a plan of zoning as required by the enabling statute. A zoning ordinance or amendment of the present type creating a small zone of inconsistent use within a larger zone is commonly designated as "spot zoning." See annotations in 128 ALR 740 and 149 ALR 292, and the cases cited therein. Such an ordinance is closely scrutinized by a court and sustained only when the facts and circumstances indicate a valid exercise of the zoning power. Eco-

nomic gain to the landowner is insufficient reason for invoking the amending power of the township board when the property is capable of full use within the limitations for which it is zoned. We find no other grounds justifying the creation of a 2-lot commercial district almost entirely surrounded by a residential area. It is evident that the amendment creating the commercial district was a means of circumventing the statutory requirement that the provisions within a zoning district be uniform. CL 1948, § 125.271 (Stat Ann 1949 Rev § 5.2963 [1]).

The decree is reversed; one may be entered in accordance with this opinion. No costs in either court.

CARR, BUSHNELL, SHARPE, BOYLES, REID, DETHMERS, and KELLY, JJ., concurred.