KNIBBE *v.* CITY OF WARREN.

1. JUDGMENT—RES JUDICATA.

Judgment of court of competent jurisdiction upon a point is, as a plea, a bar, or as evidence conclusive, between the same parties, or their privies, upon the same matter directly in question in another court, and no matter once litigated and determined, by proper authority, shall a second time be brought in controversy between the same parties or their privies.

2. SAME—RES JUDICATA—DIFFERENT SUBJECT MATTER.

Judgment in first suit or proceeding by court of competent jurisdiction upon a particular matter, fact, or point is conclusive between the same parties or their privies in second suit

------

REFERENCES FOR POINTS IN HEADNOTES

[1] 30A Am Jur, Judgments §§ 324, 325.
[2] 30A Am Jur, Judgments §§ 363, 365–368, 463.
[3] 30A Am Jur, Judgments §§ 324, 325, 363, 365–368, 463.
   38 Am Jur, Municipal Corporations § 728.

even though the object and subject matter of the second suit may be different from the first suit.

3. MUNICIPAL CORPORATIONS—SEWER-TAP FEES—TRAILER COACH PARK.

Judgment that plaintiff trailer coach park was not covered by ordinance concerning sewer-tap permits fixed rights of parties respecting such subject matter, hence, subsequent resolution by city to raise such fees for trailer parks was invalid and unenforceable against plaintiff notwithstanding charge to plaintiff would be smaller than others to whom applicable.

Appeal from Macomb; Kane (Edward T.), J., presiding. Submitted Division 2 December 7, 1965, at Lansing. (Docket No. 688.) Decided January 25, 1966. Rehearing denied March 4, 1966. Leave to appeal denied by Supreme Court June 13, 1966. See 378 Mich 719.

Mandamus by Klaas Knibbe against the City of Warren, a municipal corporation, to compel issuance of utility permits and to enjoin enforcement of zoning ordinances in respect to trailer coach parks as they apply to his property. Writ granted. Defendant appeals. Affirmed. See *Knibbe* v. *City of Warren* (1961), 363 Mich 283. Defendant ordered plaintiff to cease work on improving the land until the increased permit fees were paid. Plaintiff sought a show cause order as to why the defendant should not be held in contempt. Circuit court enjoined defendant from attempting to collect the utility fee. Defendant appeals. Affirmed.

*Johnston & Wendt* (*William V. Wendt*, of counsel), for plaintiff.

*Emil C. Cardomone*, City Attorney, and *Robert F. Cella*, Assistant City Attorney, for defendant.

QUINN, J. Defendant appeals from an order of the circuit court for the county of Macomb dated March 11, 1965. This order enjoined defendant from

enforcing, with respect to plaintiff, its resolution requiring payment of certain sewer-tap fees before property owners may connect to city of Warren's sewer system. The resolution involved was passed by defendant's council January 13, 1959.

In its brief, defendant states two questions involved on this appeal, but it is the opinion of this Court that they can be combined into one question, namely: is plaintiff entitled to sewer-tap permits on payment of the fees required therefor by defendant on December 18, 1958?

This is a controversy of long standing. A short summary of its development is required. In 1941, plaintiff was the owner of a trailer park in Warren township, now defendant. By 1949, he acquired additional land contiguous to the trailer park. In 1951, while developing the additional land for trailer park purposes, he applied for meter, inspection, and sewer permits for the additional property and paid the required fees. The permits were issued and defendant began a sewer installation to the property. Defendant terminated this work before completion, and on August 22, 1956, defendant revoked the permits and returned the fees. Further applications for permits were refused, and plaintiff finally petitioned Macomb county circuit court for a writ of mandamus to require the issuance of permits. After hearing on the merits, the writ of mandamus issued December 18, 1958. Defendant appealed and the trial court was affirmed. *Knibbe* v. *City of Warren* (1961), 363 Mich 283. Thereafter defendant issued plaintiff the permits at the rates existing prior to January 13, 1959, the date defendant passed the resolution on sewer tap fees. This resolution raised the fees to $200 per unit for trailer parks. December 7, 1964, defendant ordered plaintiff to cease work on the additional land until the increased permit fees were

paid. Plaintiff petitioned Macomb county circuit court for an order to show cause why defendant should not be held in contempt for violation of the judgment of December 8, 1958. This matter was heard March 1, 1965 and resulted in the order here appealed from.

The controlling principle of law was clearly set forth in *Wales* v. *Lyon* (1851), 2 Mich 276, 281:

"It is a well settled general principle, that the judgment of a court of competent jurisdiction directly upon the point, is, as *a plea, a bar,* or as *evidence* conclusive, between the same parties, or their privies, upon the same matter directly in question in another court, and that no matter once litigated and determined, by proper authority, shall a second time be brought in controversy between the same parties or their privies. [Citing cases.] Such has ever been the rule, and although the object and the subject matter of the two suits or proceedings be different, yet the judgment of a Court of competent jurisdiction upon a particular *matter, fact* or *point,* once litigated and determined, is conclusive between the parties, or their privies."

This is still the law of Michigan. See *Smith* v. *Heppner* (1936), 276 Mich 463, 469. Applying this rule to the facts before us, defendant's argument that the equal protection clause of the Constitution will be violated if plaintiff is charged a smaller sewer-tap fee than others (see *Beauty Built Construction Corporation* v. *City of Warren* [1965], 375 Mich 229) is of no force. The rights and obligations of the parties were fixed by the judgment of December 18, 1958, several weeks before the sewer-tap ordinance of January 13, 1959.

The trial court order of March 11, 1965, is affirmed, with costs to appellee.

LESINSKI, C. J., and McGREGOR, J., concurred.