R & C-ROBERTSON, INC. *v.* AVON TOWNSHIP

1. MUNICIPAL CORPORATIONS—CONSTITUTIONAL LAW—EQUAL PROTECTION.

One who pays a municipally-imposed benefit charge is not denied equal protection of the laws where there exists only the possibility that others similarly situated might avail themselves of the same benefit without charge; lack of equal protection is found in the actual existence of an invidious discrimination, not a mere possibility.

2. MUNICIPAL CORPORATIONS—CAPITAL CHARGE—SEWER CONNECTION—CONSTITUTIONAL LAW—EQUAL PROTECTION.

A municipal ordinance imposing a capital charge for water and sewers against single residences, multiple residences, and gasoline service stations was not violative of the equal protection guarantees of the state and Federal Constitutions where, although the ordinance was applicable only to specifically mentioned types of buildings, the ordinance did not contain any specific or enumerated exemptions and where, since the effective date of the ordinance, no new building permits had been issued for structures requiring new water connections other than for the types of structures enumerated in the ordinance.

3. MUNICIPAL CORPORATIONS—CAPITAL CHARGE—SEWER CONNECTION—CONSTITUTIONAL LAW—EQUAL PROTECTION.

A municipal ordinance requiring that a capital charge for water and sewers be paid on new construction in cash, while allowing the charge against an existing structure to be paid in regular installments over a 30-year period was not violative of constitutional equal protection guarantees where there was unrefuted testimony that not a single capital charge was ever

REFERENCES FOR POINTS IN HEADNOTES
[1] 37 Am Jur, Municipal Corporations § 158.
[2–4] 38 Am Jur, Municipal Corporations §§ 347–352.

paid under the installment provision and that all charges against existing structures were paid in cash.

4. MUNICIPAL CORPORATIONS—CAPITAL CHARGE—SEWER CONNECTION—CONSTITUTIONAL LAW—EQUAL PROTECTION.

> A municipal ordinance imposing a capital charge for water and sewers against owners connecting after the effective date of the ordinance, even though it exempts from the charge structures connected before the ordinance's effective date, is not violative of the equal protection clauses of the state and Federal Constitutions, because the ordinance is applicable to all who connect after the effective date and, therefore, does not apply to only a limited class.

Appeal from Oakland, Farrell E. Roberts, J. Submitted Division 2 November 6, 1970, at Lansing. (Docket No. 8,565.) Decided December 2, 1970.

Complaint by R and C-Robertson, Inc., against Township of Avon for the return of water and sewer charges paid under protest. Defendant appeals. Plaintiff cross-appeals. Reversed and remanded.

*Lewis R. Bebout,* Township Attorney, (*Miller, Canfield, Paddock & Stone, Gilbert E. Gove,* of counsel), for defendant.

Before: BRONSON, P. J., and FITZGERALD and CHURCHILL,* JJ.

FITZGERALD, J. Defendant Township of Avon, which is located in northwest Oakland County and surrounds the City of Rochester, has experienced a rapid urbanization and population growth during the last decade. In an effort to keep pace with the changing needs of the community, defendant embarked upon a plan for the improvement and expan-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

sion of its water and sewage facilities. Having considered a preliminary engineering study submitted in the summer of 1966, the township board passed a resolution on December 28, 1966, which provided for the establishment of capital charges in the amount of $350 for water and sewers and provided that such capital charges be levied against each single residence, multiple residence, and gasoline service station. It was further provided that:

"All new construction must pay the capital charges in cash. Existing structures have the option of making the capital charges over a period of 30 years in equal quarterly installments. If the time payment method of payment is elected, the amount of the capital charges shall be increased by 30%."

Subsequently, on March 26, 1968, the township board adopted Ordinance No 44 which embodied the types of structures upon which these capital charges for water and sewers were to be levied. Ordinance No 44 retained the time payment provision available under the earlier resolution, however, its terms were slightly modified.

As a result of some confusion regarding application of Ordinance No 44, it was amended on February 26, 1969, the amendment in part stating:

"The above $350 per unit capital charge will not be applicable to existing premises now connected to municipally-owned and operated water and/or sanitary sewer systems."

On March 4, 1969, plaintiff R and C-Robertson, Inc., brought action against defendant township alleging that it was a building contractor engaged in the construction of residential dwellings and that in the course of its business after December 28, 1966, it was required by defendant to pay a capital charge of $350 for water before being issued a building per-

mit for construction of each of 51 homes in the township. Plaintiff alleged a denial of equal protection and sought to have the 1966 resolution and Ordinance No 44 declared void and unenforceable and a return of all sums paid under protest.

The trial court ruled that the 1969 amendment embodied an arbitrary and discriminatory classification violative of both the state and Federal Equal Protection Clauses and hence was null and void. The time payment provision embodied in Ordinance No 44 was found so discriminatory as to be in violation of equal protection and therefore was declared severed and void. The amendment of February 26, 1969, was also declared void and judgment was entered for plaintiff for the amount of the capital charges, with interest, which had been paid pursuant to the 1966 resolution. Defendant now appeals as of right. Several issues are raised on this appeal, all of which concern the resolution of 1966, Ordinance No 44, and its amended provisions.

First we shall consider whether one who pays a municipally-imposed benefit charge is denied equal protection of the laws where the possibility exists that others similarly situated might avail themselves of the same benefit without charge. Relying upon *Queenside Hills Realty Co.* v. *Saxl* (1945), 328 US 80 (66 S Ct 850, 90 L Ed 1096), defendant contends that plaintiff should not have been heard to complain of "possible" discrimination. In *Queenside* the United States Supreme Court addressed an alleged denial of equal protection in an ordinance which required only existing lodging houses to install sprinkler systems for fire protection. The argument set forth by the appealing party was that a newly-constructed duplicate of his building would not be governed by the ordinance, thus creating a denial of equal protection. The Court held that

so long as a favored class cannot be shown to exist, no lack of equal protection can be maintained. The reasoning behind this decision is stated in part as follows:

"The point is that lack of equal protection is found in the actual existence of an invidious discrimination (*Truax* v. *Raich,* 239 US 33 [36 S Ct 7, 60 L Ed 131, LRA 1916D, 545, Ann Cas 1917B, 283]; *Skinner* v. *Oklahoma,* 316 US 535 [62 S Ct 1110, 86 L Ed 1655]), not in the mere possibility that there will be like or similar cases which will be treated more leniently."

In the case at bar, the trial judge stated in his opinion:

"While it is true that there was no rush to construct other classes of structures during the period that the resolution was in effect, nevertheless there was no reasonable basis for the exemptions."

While it appears that the 1966 resolution was restricted in its application to single residences, multiple residences, and service stations, there existed no specific or enumerated exemptions.

Testimony elicited from Mrs. Spencer, Avon Township Clerk, indicated that no building permits were issued for structures requiring new water connections other than those enumerated in the 1966 resolution. Therefore, we are unable to find that discrimination in fact occurred during the effective time of the 1966 resolution. An application of the principles set forth in *Queenside, supra,* leads to the inescapable conclusion that the trial court erred in finding a denial of equal protection of the law.

Plaintiff's next contention is that the time payment provision was violative of its right to equal protection of the laws, inasmuch as the possibility exists that others similarly situated might have

availed themselves of the same benefit upon more favorable terms of payment. Defendant argues that *Queenside, supra,* again controls the present issue. In its opinion, the trial court stated:

"By all existing accounting practices this is so discriminatory that it must be held to be unreasonable and contrary to the equal guarantees of the state and Federal Constitutions."

An examination of the record discloses unrefuted testimony that during the period in question not a single capital charge was ever paid under the elective time payment provision and all payments were in fact made in cash. Again, upon a showing of nothing but the mere possibility of discrimination, under the principles of *Queenside, supra,* the trial court erred in its determination of discriminatory accounting practices violative of the equal protection guarantees of both our state and Federal Constitutions.

The next issue to be discussed concerns the collection of a capital charge only from owners connecting after the effective date of the amendment and whether it denies such owners the equal protection of the laws since such charge was not levied against those owners previously connected.

Defendant township contends that the trial court misconstrued Ordinance No 44 and its amendment of February 28. It argues that from December 28, 1966, the time the resolution was adopted, through the time Ordinance No 44 took its place and up to the present, a capital charge has been collected from all new connections to the water system and hence no arbitrary class has been created for it applies to all parties connecting after the specified date. The decision of the trial court was controlled by the case of *Beauty Built Construction Corporation* v. *City of Warren* (1965), 375 Mich 229. The Supreme Court

was faced with a similar resolution which provided for sewer tie-in charges. In addition to providing that future tie-ins were subject to a capital charge, the resolution exempted all existing structures not yet connected. Defendant there cited *Seltzer* v. *Sterling Township* (1963), 371 Mich 214, in support of its position that no arbitrary exemption or classification was created. The Supreme Court chose to distinguish *Seltzer* from the facts of the *Beauty Built* case, stating:

"No arbitrary classification or exemption was attempted by the ordinance in *Seltzer* as in the instant case.
"In *Seltzer* the ordinance provided that all those *connecting* to the Sterling Township water system must pay the privilege fee, while in the instant controversy, an exemption was created requiring all those *building* subsequent to the adoption of the ordinance to pay the tap-in fee." [Emphasis in *Beauty Built.*]

The trial court apparently believed the objectionable provision, as the provision in *Beauty Built,* to be an express exemption of unconnected existing structures from the operative effects of the ordinance. A review of the record discloses that Ordinance No 44 as amended made the capital charges applicable to all new construction as well as all existing structures not as yet connected to municipally-owned and operated water or sanitary sewer systems. The only exclusion was for those existing structures already connected to the system. This is readily distinguished from the situation found in *Beauty Built, supra.* Furthermore, we are unable to find that the ordinance in question applies only to a limited class. On the contrary, it is made applicable to all parties who connect after the effective date of the ordinance. The present case is

clearly governed by the *Seltzer* decision where it was stated (p 221):

"Plaintiffs argue that since the ordinance applies only to those building after the effective date of the ordinance, it applies to a distinct and limited class of persons and, therefore, is discriminatory under the provisions of the Federal and State Constitutions.

"The ordinance is not limited to a class after its effect. It applies to all parties building after the effective date of the ordinance."

Reversed. No costs, a public question.
All concurred.