S.B.S. BUILDERS, INC v MADISON HEIGHTS

OPINION OF THE COURT

1. ZONING—ORDINANCES—INDIVIDUAL LOTS—ADJOINING LOTS.

Application of a section of a city zoning ordinance to the owner of three adjacent undeveloped lots of 40 foot frontage each and the corporation desiring to build on those lots is unreasonable and arbitrary, and therefore not a proper exercise of the zoning power where a part of that section of the ordinance states that "[i]f two (2) or more lots or combinations of lots and portions of lots with continuous frontage in single ownership are on record at the time of passage or amendment of this Ordinance * * * the lands involved shall be considered to be an undivided parcel for the purposes of this Ordinance, and no portion of said parcel shall be used or occupied which does not meet lot width [60 feet frontage] and area requirements established by this Ordinance, nor shall any division of the parcel be made which leaves remaining any lot with width or area below the requirements stated in this Ordinance" (Madison Heights ordinance § 10.503[2]).

DISSENTING OPINION

WILLIAMS, J.

2. ZONING—ORDINANCES—LOT AREA.

*Lot area width and depth requirements in a zoning ordinance prevent overcrowding and undue concentration of population, and preserve the essential residential character of a community; as such, the requirements have a significant role in zoning.*

3. ZONING—ORDINANCES—PUBLIC PURPOSE—LOT WIDTH—INDIVIDUAL LOTS—ADJOINING LOTS—CLASSIFICATION—CONFISCATION.

*Zoning ordinance, permitting an individual to build on a singly-owned 40-foot-wide lot while denying this right to the owner of*

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 58 Am Jur, Zoning §§ 10, 196.

[4, 5] 58 Am Jur, Zoning § 256.

*such contiguous lots, on its face serves a public purpose for a common good for the residents of defendant city; the classification includes and affects alike all persons of the same class and only those who only own one single 40-foot lot are exempt by law from the operation of the ordinance because to enforce it against this class would amount to confiscation of their property (Madison Heights ordinance § 10.503[2]).*

4. ZONING—ORDINANCES—CONSTITUTIONAL LAW—BURDEN OF PROOF.
　　*A zoning ordinance is presumed reasonable and constitutional and objectors must assume the burden of proving it unreasonable.*

5. ZONING—ORDINANCES—BURDEN OF PROOF—PUBLIC HEALTH—SAFETY—MORALS—WELFARE—SUBDIVISION CONTROL ACT—LOT WIDTH.
　　*Plaintiffs failed in their burden of proving the zoning ordinance of defendant city, permitting an individual to build on a singly-owned 40-foot-wide lot while denying this right to the owner of such contiguous lots, unreasonable as having no real and substantial relation to public health, safety, morals, or welfare of the community where there was testimony of the desirability of large lots to avoid congestion and safety hazards, that small lots contributed to various kinds of pollution and that large lots reduce fire and health hazards and traffic congestion and where the Legislature has stated, in effect in the "Subdivision Control Act of 1967", that requiring lot widths of 65 feet for single residences promotes the public health, safety, and general welfare (MCLA 560.101 et seq.; Madison Heights ordinance § 10.503[2]).*

Appeal from Court of Appeals, Division 2, Holbrook, P. J., and J. H. Gillis and Van Valkenburg, JJ., reversing Oakland, William John Beer, J. Submitted January 5, 1973. (No. 9 January Term 1973, Docket No. 54,044.) Decided April 26, 1973.

38 Mich App 1 reversed.

Complaint by S.B.S. Builders, Inc, and Seligman & Associates, Inc, against the City of Madison Heights for mandamus to compel issuance of building permits. Judgment for plaintiffs. Defendant appealed to the Court of Appeals. Reversed and

remanded. Chief Building Inspector for the City of Madison Heights added as a party defendant. Judgment for plaintiffs. Defendants appealed to the Court of Appeals. Reversed. Plaintiffs appeal. Reversed.

*Hyman & Rice* (by *Hanley M. Gurwin* and *Thomas J. Beale)*, for plaintiffs.

*Harry H. Young,* for defendants.

PER CURIAM. In 1958, plaintiff S.B.S. Builders, Inc., acquired three adjacent, undeveloped lots in the Symphony Park Subdivision, a residential area of defendant, City of Madison Heights. The plat of this subdivision was recorded in 1923, and is completely comprised of 40-foot lots. Each of plaintiff's lots has 40 feet of frontage, with the cumulative frontage of the three lots being 120 feet. S.B.S. Builders, Inc. has owned these lots continuously up to the present time.

In 1965, defendant adopted its present zoning ordinance. Section 10.503(2) of the ordinance provides:

"Nonconforming Lots: In any district in which single family dwellings are permitted, notwithstanding limitations imposed by other provisions of this Ordinance, a single family dwelling and customary accessory buildings may be erected on any single lot of record at the effective date of adoption or amendment of this Ordinance, provided such lot is located in a block on which fifty-one (51%) percent or more of the lots on both sides of the street are occupied by single family dwellings. Where fifty-one (51%) percent or more of the existing homes are built upon a larger lot or combination of lots, a building permit will not be granted for a lot of less area or width than the size of the lots of the majority of the dwellings existing at the time of passage of this Ordinance. In those areas where less than fifty-one

(51%) percent of the lots are built upon in a one (1) block area, the provisions regarding the use of combined lots shall apply. Permission to use a single nonconforming lot as herein provided shall apply even though such lot fails to meet the requirements for area or width; or both, that are generally applicable in the district, provided that yard dimensions and other requirements not involving area or width or both, or the lot shall conform to the regulations for the district in which the lot is located. If two (2) or more lots or combinations of lots and portions of lots with continuous frontage in single ownership are on record at the time of passage or amendment of this Ordinance, and if all or part of the lots do not meet the requirements for lot width and area as established by this Ordinance, the lands involved shall be considered to be an undivided parcel for the purposes of this Ordinance, and no portion of said parcel shall be used or occupied which does not meet lot width and area requirements established by this Ordinance, nor shall any division of the parcel be made which leaves remaining any lot width or area below the requirements stated in this Ordinance."

Subsequent to the effective date of the ordinance, plaintiff Seligman & Associates, Inc. made application to defendant for three building permits to build houses on the lots owned by S.B.S. Builders, Inc. Defendant refused on the basis that the building of the houses would be in violation of the zoning ordinance. Plaintiffs then brought an action in the circuit court for Oakland County for a writ of mandamus to compel defendant to issue the permits. The circuit court issued the writ, and in an opinion declared the above portion of the ordinance to be unconstitutional on its face. The Court of Appeals reversed,[1] and remanded the cause to the circuit court for the taking of proofs as to whether the ordinance bore a reasonable relationship to the health, safety, and general welfare of the city's residents.

---

[1] 21 Mich App 587 (1970).

Upon remand, a hearing was held and testimony was taken. At the conclusion of the hearing the circuit court found that the ordinance did not bear a reasonable relationship to the health, safety, and general welfare of the city and its residents, and again issued a writ of mandamus. On appeal, the Court of Appeals again reversed,[2] finding that plaintiffs had failed to show that the ordinance bore no relationship to the health, safety, and general welfare. We granted leave to appeal.

Plaintiffs initially argue that § 10.503(2) of the ordinance is invalid with respect to them because it is arbitrary and unreasonable. We agree.

Section 10.503(2) of the ordinance only affects a minute portion of the City of Madison Heights. Indeed, plaintiffs may well be the only persons proscribed from building on 40-foot lots.

"A zoning ordinance or amendment of the present type creating a small zone of inconsistent use within a larger zone is commonly designated as 'spot zoning'. [Citations omitted.] Such an ordinance is closely scrutinized by a court and sustained only when the facts and circumstances indicate a valid exercise of the zoning power." *Penning v Owens,* 340 Mich 355, 367 (1954).

Having examined the facts in this case, we conclude that the application of § 10.503(2) to plaintiffs is unreasonable and arbitrary, and therefore not a proper exercise of the zoning power.

The Court of Appeals is reversed.

No costs. A public question.

T. M. KAVANAGH, C. J., and T. E. BRENNAN, T. G. KAVANAGH, SWAINSON, and M. S. COLEMAN, JJ., concurred.

WILLIAMS, J. *(dissenting).* Respectfully I dissent

[2] 38 Mich App 1 (1972).

from my colleagues and adopt the opinion of HOL-
BROOK, P. J., 38 Mich App 1 (1972).

LEVIN, J., did not sit in this case.