LONG ISLAND COURT HOMEOWNERS ASSOCIATION v
METHNER

OPINION OF THE COURT

1. NUISANCE—TRAFFIC PROBLEMS—LEGITIMATE BUSINESSES.
   The creation of traffic problems by an otherwise legitimate business can constitute a nuisance.

2. NUISANCE—ABATEMENT—PRIVATE NUISANCES—LEGITIMATE BUSINESSES.
   A nuisance may not require abatement where it is a private nuisance arising out of a particular manner of operating a legitimate business; in such cases the court will do no more than point to the nuisance and decree the adoption of methods calculated to eliminate the injurious features.

3. ZONING—NONCONFORMING USES—EXPANSION.
   A nonconforming use may not be expanded.

4. ZONING—NONCONFORMING USES.
   A "nonconforming use" comprehends the physical characteristics, dimensions, or location of a structure as well as the functional use thereof or of the premises on which it is located.

5. NUISANCE—USE OF PROPERTY—ZONING—CONFORMING USES—NONCONFORMING USES.
   The use of property is subject to the control of the courts where such control is based on nuisance, regardless of whether the

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 58 Am Jur 2d, Nuisances § 63.
[3] 82 Am Jur 2d, Zoning and Planning §§ 196, 197.
   Zoning: changes, repairs, or replacements in continuation of nonconforming use. 87 ALR2d 4.
[4] 82 Am Jur 2d, Zoning and Planning § 178 *et seq.*
[5] 58 Am Jur 2d, Nuisances § 20 *et seq.*
[6] 82 Am Jur 2d, Zoning and Planning § 185.
[7] 46 Am Jur 2d, Judgments § 518.
[8] 16 Am Jur 2d, Constitutional Law §§ 335, 485–493.
[9] 82 Am Jur 2d, Zoning and Planning § 14.
[10] 46 Am Jur 2d, Judgments § 628.

use of the property is conforming or not to the zoning ordinance applicable to the property.

6. Nuisance—Zoning—Prior Nonconforming Uses.
   A vested right to a prior nonconforming use does not per se resolve the issue of nuisance, however it does mean that the existence of a nuisance is not to be inferred from proof of activities which do not comply with the zoning ordinance.

7. Judgment—Parties—Privies—Parties Bound by Judgment.
   Parties or privies are bound by a judgment and may not relitigate a matter once litigated.

8. Constitutional Law—Equal Protection—Reasonable and Justifiable Classifications.
   Equal protection is not denied where a reasonable and justifiable classification results in the different treatment of the parties so classified.

9. Constitutional Law—Equal Protection—Zoning—Existing Uses—Future Uses—Use Exemptions.
   Equal protection is not denied where a classification exempts existing uses of land from restrictions placed on future uses.

Concurrence by R. M. Maher, P. J.

10. Judgment—Attack on Judgment—Parties—Privies—Land Use Restrictions.
    *A party may not attack a judgment obtained against the former owners of the party's property where he purchased the property with knowledge of the judgment and its restrictions on the use of the property.*

Appeal from St. Clair, Halford I. Streeter, J. Submitted December 16, 1976, at Detroit. (Docket No. 25889.) Decided March 29, 1977. Leave to appeal applied for.

Complaint by Long Island Court Homeowners Association and others against Terry Methner for a permanent injunction against the expansion of the marinas on defendant's property. Judgment for plaintiffs. Defendant appeals. Affirmed.

*Wall & Dean,* for plaintiff.

*Leonard Baun (Michael H. Feiler,* of counsel), for defendant.

Before: R. M. Maher, P. J., and V. J. Brennan and N. J. Kaufman, JJ.

V. J. Brennan, J. Plaintiffs commenced an action in 1970 to abate an alleged nuisance arising out of the operation of marinas on a small island. On March 17, 1971, a judgment was entered enjoining the further expansion of the marinas on two parcels of property now owned by defendant. Defendant purchased the two parcels of property in 1974, and, at that time, was aware of the restrictions contained in the 1971 judgment. Plaintiffs sought to permanently enjoin expansion of the marinas on defendant's property when they became aware of defendant's plan to place a mobile boat hoist on his property and store boats on his land during the winter months. On July 29, 1975, an order was entered allowing defendant to store only a limited number of boats on his property and to place a mobile hoist on the property. Dissatisfied with the restrictions contained in that order, defendant appeals, though plaintiffs have not cross-appealed.

Defendant's arguments rest on the dual premises that the 1971 judgment was not founded on nuisance and that his two marinas are now conforming uses since the 1973 zoning amendment changed the applicable zoning from single-family residential use to marina use. Although the 1971 judgment does not use the word "nuisance", the court did say that "the commercial development * * * has created a traffic burden which cannot be borne exclusively by either of the existing routes of ingress and egress * * * ". The court then went on to order the creation of one-way traffic, to set a

maximum speed limit of 15 m.p.h. on the island, and to enjoin defendant's predecessors of title as well as other parties defendant from further expansion of the marinas.

The creation of traffic problems by an otherwise legitimate business can constitute a nuisance. *Rohan v Detroit Racing Ass'n,* 314 Mich 326, 360; 22 NW2d 433 (1946), *cf. Borsvold v United Dairies,* 347 Mich 672, 676–678; 81 NW2d 378 (1957), but see *Adams v Kalamazoo Ice & Fuel Co,* 245 Mich 261, 265–266; 222 NW 86 (1928) (automobile stopping at an ice distributor not a nuisance giving rise to abatement). The relief granted plaintiffs by the 1971 judgment is tailored to a finding of nuisance arising out of a particular manner of operating a legitimate business.

"If a nuisance is private and arises out of a particular manner of operating a legitimate business, the court will do no more than point to the nuisance and decree adoption of methods calculated to eliminate the injurious features." *Rohan, supra,* at 361, quoting *Adams, supra,* at 265.

See also *Smith v City of Ann Arbor,* 303 Mich 476, 486; 6 NW2d 752 (1942).

Therefore, regardless of the absence of the word "nuisance" in the judgment order, the court was treating the problem as a nuisance but not of the variety requiring abatement. Defendant is incorrect in arguing that the 1971 judgment is not founded on nuisance.

The other premise on which defendant's arguments are based is that his property is now a conforming use since the 1973 zoning amendments place his property in a marina zone. The 1971 judgment reflects the fact that the properties now owned by defendant were zoned for single-family

residential use at the time of the entry of that judgment. Consequently, defendant's predecessors in title established a vested right to the nonconforming use of the property as a marina. MCLA 125.583a; MSA 5.2933(1).

As a nonconforming use, the marina could not have been expanded regardless of the 1971 judgment. *Township of White Lake v Lustig,* 10 Mich App 665, 673; 160 NW2d 353(1968), *Township of Commerce v Rayberg,* 5 Mich App 554, 557; 147 NW2d 453 (1967). Had the trial court found the marinas to have been created after the enactment of the single-family residential zoning ordinance, the court would have been obliged to order abatement as a nuisance per se under MCLA 125.294; MSA 5.2963(24). The 1973 zoning amendment would require defendant's marina to have a 66-foot-wide road abutting the property in order to qualify as a conforming use. The roads on the island are 15 to 20 feet in width. Thus, defendant's marina remains a nonconforming use:

> "A 'nonconforming use' comprehends the physical characteristics, dimensions, or location of a structure as well as the functional use thereof or of the premises on which it is located, and is used as a generic term that includes nonconforming use of conforming structures and plots, nonconforming use of nonconforming structures and plots, and conforming use of nonconforming structures and plots." (Footnotes omitted.) 82 Am Jur 2d, Zoning and Planning, § 178, p. 685.

*Cf. Austin v Older,* 283 Mich 667, 674–675; 278 NW 727 (1938) (alteration of nonconforming use must be in compliance with current zoning ordinance). Therefore, although the use of the property as a marina may otherwise conform to existing zoning, it remains a nonconforming use be-

cause the street width requirement has not been satisfied.

However, regardless whether the use of the property is conforming or nonconforming to the zoning ordinance, it is still subject to the control of the court based on nuisance. In *Dusdal v City of Warren,* 387 Mich 354, 360; 196 NW2d 778 (1972), the Court said as follows:

"The existence of a vested right to a prior nonconforming use does not *per se* resolve the issue of nuisance, but it does mean that the existence of a nuisance is not to be inferred from proof of activities which do not comply with the zoning ordinance."

Defendant's arguments concerning equal protection and due process are premised on the assumption that the 1971 judgment is not based on nuisance, and that his property is a conforming use. As indicated, these premises are incorrect. There is a rational and justifiable reason for the restrictions placed on defendant's property. Thus, substantively defendant is not denied due process. Nor is he denied procedural due process since he is in privity of estate with parties bound by the 1971 judgment. Also, defendant admits being aware of the judgment at the time he purchased the property. It is well established that parties or privies are bound by a judgment and may not relitigate a matter once litigated. *Knibbe v City of Warren,* 2 Mich App 241, 244; 139 NW2d 344 (1966).

Defendant's equal protection claim is likewise unavailing. A reasonable and justifiable classification resulting in different treatment of the parties so classified does not deny equal protection. *Manistee Bank & Trust Co v McGowan,* 394 Mich 655, 671; 232 NW2d 636 (1975), *SBS Builders, Inc v*

*Madison Heights,* 38 Mich App 1, 7; 195 NW2d 898 (1972), *rev'd on other grds,* 389 Mich 323; 206 NW2d 437 (1973). Viewed as a means of controlling a nuisance, the 1971 judgment does not deny defendant equal protection since it prohibits expansion of all of the marinas in the area. A classification exempting existing uses from restrictions placed on future uses does not deny equal protection. *R & C-Robertson, Inc v Avon Township,* 28 Mich App 305, 311; 184 NW2d 261 (1970). In that case, sewer tie-in fees applicable only to future tie-ins were upheld against an equal protection challenge with a rationale appropriate to this case:

"[W]e are unable to find that the ordinance in question applies only to a limited class. On the contrary, it is made applicable to all parties who connect after the effective date of the ordinance."

Far from being arbitrary and capricious, the trial court was very generous in allowing defendant to expand his use of the marina by the use of a hoist under restricted conditions and the winter storage of boats at double "the most optimistic storage ever had". Defendant's claim that the court is being arbitrary and that winter storage would alleviate the traffic problems must be regarded as having been resolved adversely to defendant, since there was conflicting testimony as to the effect on traffic and the court found that the increase in winter storage of boats was "all the roadway will justify". Were plaintiffs appealing, a different result would be in order, but since no cross-appeal was taken the trial court is affirmed.

Affirmed.

N. J. KAUFMAN, J., concurred.

R. M. MAHER, P. J. *(concurring).* In 1971, plaintiffs obtained a judgment against the former owners of defendant's property. Defendant purchased the property with knowledge of the judgment and its restrictions on the use of the property. It is now too late to attack the judgment, and defendant's objections to the judgment should not be discussed.