SHACKET v. TOWNSHIP OF HIGHLAND

MUNICIPAL CORPORATIONS—ZONING—EFFECTIVENESS OF ORDINANCE—
WRIT OF MANDAMUS.

> Trial court's grant to plaintiff of a writ of mandamus requiring
> defendants to issue plaintiff a building permit for the con-
> struction of a trailer park without the taking of testimony on
> the ground that as a matter of law the zoning ordinance of
> defendant barred trailer parks completely and therefore was
> invalid on its face *held* error; such an ordinance is invalid only
> if unreasonable, and it is impossible to determine reasonable-
> ness without evidence.

Appeal from Oakland, Beer (William John), J.
Submitted Division 2 January 8, 1969, at Lansing.
(Docket No. 5,089.)  Decided January 29, 1969.  Re-
hearing granted April 1, 1969.

Complaint by Maurice Shacket against the town-
ship of Highland, a municipal corporation, the town-
ship planning board and Harold Kinney, building
inspector of Highland Township, for a writ of man-
damus requiring defendant to issue plaintiff a build-
ing permit.  Writ granted.  Defendants appeal.
Reversed and remanded.

*Harry H. Mead,* for plaintiff.

*Dudley & Patterson,* for defendants.

REFERENCE FOR POINTS IN HEADNOTE
58 Am Jur, Zoning § 235 *et seq.*

Per Curiam.  Defendant appeals from the trial court's grant to plaintiff of a writ of mandamus requiring defendant to issue a building permit to plaintiff for development and construction of a mobile home park on plaintiff's land.  The writ was granted peremptorily without the taking of testimony on the basis that as a matter of law the ordinance of defendant barred trailer parks completely from defendant township and was invalid on its face.

This ruling was erroneous.  *West Bloomfield Township* v. *Chapman* (1958), 351 Mich 606; *June* v. *City of Lincoln Park* (1960), 361 Mich 95.  The ordinance prohibition of trailer parks from defendant township may or may not be valid, depending on whether such a prohibition, as it relates to plaintiff's land, is reasonable or unreasonable.  This determination is impossible without evidence.

Reversed and remanded for trial, without costs.

Quinn, P. J., and McGregor and V. J. Brennan, JJ., concurred.