ABACO FINANCE, INC v CITY OF BIRMINGHAM

Docket No. 53846. Submitted June 15, 1981, at Detroit.—Decided
    December 18, 1981

Abaco Finance, Inc., brought an action for a writ of mandamus in
    Oakland Circuit Court against the City of Birmingham and the
    Birmingham City Commission seeking to compel defendants to
    issue a regulated use license for operation of a pawnshop. The
    court, Farrell E. Roberts, J., issued the writ after finding that
    the city's regulated use ordinance as applied to plaintiff bore no
    reasonable relationship to the public health, safety and general
    welfare. Defendants appeal. *Held:*

The writ of mandamus was correctly issued. The section of
    the city ordinance which the city relied upon in denying
    plaintiff's application for the regulated use license neither
    required nor permitted denial of the license under the circum-
    stances.

Affirmed.

V. J. BRENNAN, P.J., dissented. He would reverse the grant of
    the writ of mandamus and affirm the Birmingham City Com-
    mission's denial of plaintiff's request for a regulated use license
    on the basis that the trial court erred in granting the writ of
    mandamus without first holding an evidentiary hearing and
    that the ordinance in question was a proper exercise of defen-
    dant's police power.

OPINION OF THE COURT

1. MANDAMUS — ZONING — REGULATED USE LICENSE.

    A trial court did not err in issuing a writ of mandamus requiring
        the issuance of a regulated use license to operate a pawnshop
        where the section of the city ordinance relied upon to deny the

REFERENCES FOR POINTS IN HEADNOTES
[1] 82 Am Jur 2d, Zoning and Planning §§ 328, 329.
[2] 82 Am Jur 2d, Zoning and Planning § 11.
[3, 4] 82 Am Jur 2d, Zoning and Planning § 38.
[5] 73 Am Jur 2d, Statutes §§ 42, 103.
    82 Am Jur 2d, Zoning and Planning §§ 11, 12.
    Supreme Court's views as to constitutionality of residential zoning
        restrictions. 52 L Ed 2d 863.

license application neither required nor permitted denial of the license under the circumstances.

DISSENT BY V. J. BRENNAN, P.J.

2. ZONING — ORDINANCES — LEGAL JUSTIFICATION — DETERMINATION — EVIDENCE.

*The rational or legal justification for a zoning ordinance depends upon whether the restriction in that ordinance has some reasonable relationship to the health, safety, or general welfare, and such a determination of legality cannot be made without a thorough examination of all the evidence.*

3. ZONING — CITIES — STATE POLICE POWERS.

*A city has the power to zone and regulate land use within its boundaries so that the inherent police powers of the state may be more effectively implemented at the local level.*

4. ZONING — ORDINANCES — POLICE POWER.

*A zoning ordinance must have a reasonable basis, grounded in the police power, which has been defined as including protection of the safety, health, morals, prosperity, comfort, convenience and welfare of the public or any substantial part of the public.*

5. ZONING — ORDINANCES — PRESUMPTIONS — REASONABLENESS — COURTS — CONSTITUTIONAL LAW — EVIDENCE.

*The presumption is in favor of the validity of ordinances and, while each ordinance must stand the test of reasonableness, courts may not invalidate an ordinance unless the constitutional objections thereto are supported by competent evidence or appear on the face of the ordinance.*

*John D. Lazar,* for plaintiff.

*Beier, Howlett, McConnell, Googasian & McCann* (by *Jane B. Garrow),* for defendants.

Before: V. J. BRENNAN, P.J., and N. J. KAUFMAN and E. E. BORRADAILE,* JJ.

PER CURIAM. Plaintiff brought this action for a writ of mandamus to compel defendants to issue a

---

* Circuit judge, sitting on the Court of Appeals by assignment.

regulated use license to operate a pawnshop. The trial court issued the writ of mandamus upon a finding that defendant City of Birmingham's regulated use ordinance as applied to plaintiff bore no reasonable relationship to the public health, safety and general welfare. Defendants appeal by right. A settled statement of facts has been filed pursuant to GCR 1963, 812.2(b) as a substitute for a transcript of proceedings in the lower court, no record having been made.

Title V, Chapter 39, § 5.101(6) of the Birmingham City Code provides:

"No regulated use shall be permitted within one thousand (1,000) feet of any lot for which a Certificate of Occupancy has been issued for another regulated use * * *."

It appears that plaintiff was denied a regulated use license because its location would be within 1,000 feet of two establishments which were regulated uses under Title V, Chapter 39, § 5.2(2)(g) of the ordinance.

However, according to the settled statement of facts, plaintiff applied for a license on December 12, 1979, and defendants denied the application on February 4, 1980. The two existing regulated uses on which defendants rely were not issued certificates of occupancy until after plaintiff's application was denied. As noted above, the ordinance prohibited establishment of a regulated use within 1,000 feet of another lot *for which a certificate of occupancy for another regulated use has been issued.* Since no certificate of occupancy had been issued at the time of plaintiff's application, § 5.101(6) of the ordinance did not require or permit denial of the license. We hold that the writ of mandamus was correctly issued.

This finding makes it unnecessary to consider the constitutional challenge raised by plaintiff and addressed by the trial court. *Lisee v Secretary of State,* 388 Mich 32, 40-41; 199 NW2d 188 (1972), *In re Winkle,* 372 Mich 292; 125 NW2d 875 (1964), *app dis* 379 US 645; 85 S Ct 611; 13 L Ed 2d 551 (1965).

Affirmed.

V. J. BRENNAN, P.J. *(dissenting).* I respectfully dissent. It was error for the trial court to grant the writ of mandamus in the absence of an evidentiary hearing. The trial court met with the parties *in camera* and ordered them to submit briefs setting forth their respective positions and legal arguments. Thereafter, without an evidentiary hearing, the trial court found that the regulated use restriction bore no reasonable relation to the public health, safety and general welfare, and, therefore, the ordinance could not withstand scrutiny and was invalid as applied to plaintiff. This Court has held that whether there is a rational or legal justification for the ordinance depends upon whether the restriction has some reasonable relationship to the public health, safety or general welfare, and such a determination cannot be made without a thorough examination of all the evidence. *SBS Builders, Inc v Madison Heights,* 21 Mich App 587, 591; 175 NW2d 798 (1970), *Shacket v Highland Twp,* 15 Mich App 543, 544; 166 NW2d 821 (1969). In *SBS Builders* and *Shacket,* we reversed on the basis that the writs of mandamus were peremptorily granted without the taking of testimony.

The majority affirms the trial court's grant of the writ of mandamus on the basis that the settled statement of facts indicates that the two regulated

use businesses within 1,000 feet of plaintiff had not been issued certificates of occupancy at the time plaintiff applied for a regulated use license; thus, there was no reason to deny plaintiff's application.

I find that defendant was entitled to present evidence on the question of whether the two existing regulated uses were required to obtain certificates of occupancy since they were established before the ordinance was adopted. Moreover, defendant should have been allowed an opportunity to present evidence on the question of the reasonableness of the ordinance. In addition, the record discloses that, even though there was no objection to the *in camera* meeting before the trial court, there is no indication that defendant was aware that the trial court would decide the merits of the case without an evidentiary hearing since the trial court at that time only ordered the parties to file briefs. Although there was a settled statement of facts, defendant was entitled to an evidentiary hearing.

Furthermore, I find that the ordinance in question was a proper exercise of the defendant's police power. The ordinance restricted only the location of the pawnshop, not its right to exist. A city has the power to zone and regulate land use within its boundaries so that the inherent police powers of the state may be more effectively implemented at the local level. *Kropf v Sterling Heights,* 391 Mich 139, 157; 215 NW2d 179 (1974). The zoning ordinance must have a reasonable basis grounded in the police power, which has been defined as including "protection of the safety, health, morals, prosperity, comfort, convenience and welfare of the public, or any substantial part of the public". *Cady v Detroit,* 289 Mich 499, 504-505; 286 NW 805

(1939). While an ordinance must stand the test of reasonableness, the presumption is in favor of its validity and courts may not invalidate ordinances unless the constitutional objections thereto are supported by competent evidence or appear on their face. *Kropf, supra,* 156.

Plaintiff's complaint merely stated that the ordinance, as applied to plaintiff, was an unreasonable interference with the rights of plaintiff to carry on a legitimate business. The trial court found the ordinance invalid as it applied to plaintiff. Plaintiff's objections were not supported by competent evidence, and, therefore, the trial court erred in finding the ordinance invalid as applied to plaintiff. Furthermore, the ordinance is not invalid on its face. The ordinance in question, a so-called "skid row" ordinance, was designed to prevent neighborhood deterioration by separating certain businesses and spreading them throughout the city. Therefore, the ordinance bore a reasonable relationship to the health, safety and general welfare of the community.

I would reverse the trial court's grant of the writ of mandamus and affirm the Birmingham City Commission's denial of plaintiff's request for a regulated use license.