BEHLEN MANUFACTURING COMPANY v
ANDRIES-BUTLER INC.

1. CORPORATIONS—FOREIGN CORPORATIONS—CONTRACTS—PROPERTY—
   REPOSSESSION.
   A foreign manufacturing corporation whose failure to obtain a
   certificate of authority to do business in Michigan disqualified
   it to sue for money owed under a contract may not raise on
   appeal an issue regarding recovery of possession of the property
   it furnished under the contract where, in the proceedings
   below, it did not seek to recover possession of the property and
   where it appears from the record that the property, a roofing
   system, has with the foreign corporation's assistance been made
   a part of a municipal ice arena and is no longer in the
   possession of the other contracting party and that therefore
   any possessory action would be unavailing.

2. CORPORATIONS—FOREIGN CORPORATIONS—CAPACITY TO SUE—DOING
   BUSINESS—ACCELERATED JUDGMENT.
   The question whether a foreign corporation was "doing business"
   in Michigan could be determined on a motion for accelerated
   judgment for lack of capacity to sue and did not need to await
   determination after trial where deposition testimony estab-
   lished beyond doubt that the plaintiff corporation was engaged
   in a "systematic and continuous course" of doing business in
   Michigan and the record amply supports such a determination
   and where according to the records of the State Treasurer
   plaintiff was neither incorporated in the state nor admitted to
   do business in the state as a foreign corporation (MCLA 450.93).

REFERENCES FOR POINTS IN HEADNOTES
[1] 36 Am Jur 2d, Foreign Corporations §§ 213, 216.
[2, 4] 36 Am Jur 2d, Foreign Corporations §§ 461–463.
[3] 36 Am Jur 2d, Foreign Corporations §§ 213, 216, 231.

3. Cᴏʀᴘᴏʀᴀᴛɪᴏɴꜱ—Fᴏʀᴇɪɢɴ Cᴏʀᴘᴏʀᴀᴛɪᴏɴꜱ—Dᴏɪɴɢ Bᴜꜱɪɴᴇꜱꜱ—Cᴏɴ-
   ᴛʀᴀᴄᴛꜱ—Sɪᴛᴜꜱ—Sᴛᴀᴛᴜᴛᴇꜱ.

   A trial judge erred in determining a contract between two corpo-
   rations to be void under a statute that renders invalid contracts
   *made in this state* by a foreign corporation that has not fully
   complied with the laws relating to the qualification of a foreign
   corporation to do business in Michigan where he made no
   specific finding as to where the contract was made, and where
   the parties were not in agreement as to where the contract was
   made (MCLA 450.95).

4. Cᴏʀᴘᴏʀᴀᴛɪᴏɴꜱ—Fᴏʀᴇɪɢɴ Cᴏʀᴘᴏʀᴀᴛɪᴏɴꜱ—Cᴀᴘᴀᴄɪᴛʏ ᴛᴏ Sᴜᴇ—Cᴏɴ-
   ᴛʀᴀᴄᴛꜱ—Sᴛᴀᴛᴜᴛᴇꜱ.

   A foreign corporation which has not obtained a certificate of
   authority from the State of Michigan is precluded from main-
   taining an action founded upon an act of doing business in
   Michigan in a manner contrary to law, and a corporation
   which has not complied with the applicable laws is denied
   access to the courts of the state; the statute does not affect the
   validity of a contract which is sought to be sued upon, it simply
   precludes the foreign corporation from maintaining any action
   in Michigan which is founded upon such contract or any acts
   relating to the contract (MCLA 450.93, 600.2021).

Appeal from Macomb, Edward J. Gallagher, J. Submitted Division 2 November 13, 1973, at Detroit. (Docket No. 15743.) Decided March 27, 1974.

Complaint by Behlen Manufacturing Company against Andries-Butler Incorporated for money owed under a contract. Accelerated judgment for defendant. Plaintiff appeals. Affirmed in part, reversed in part, and remanded for the entry of a judgment of dismissal consistent with the opinion.

*Braun, Kendrick, Finkbeiner, Schafer & Murphy,* for plaintiff on appeal.

*Fitzgerald, Peters, English & Damm,* for defendant.

Before: V. J. BRENNAN, P. J., and T. M. BURNS and VAN VALKENBURG,* JJ.

V. J. BRENNAN, P. J. In July, 1970, Behlen Manufacturing Company, a Delaware corporation, and Andries-Butler, Incorporated entered into a contract, after several preliminary meetings and discussions, whereby Andries-Butler, Incorporated, the defendant herein, agreed to buy a convex roofing system from Behlen Manufacturing Company, the plaintiff, for $47,417. Subsequent agreements between the parties called for plaintiff to provide supervisory employees and equipment to aid in the installation of the roof. The materials, tools and employees were provided by plaintiff and the roof, apparently, was completed. Defendant, however, refused to pay plaintiff for any of these items.

Plaintiff brought this action in the Macomb County Circuit Court seeking judgment against defendant for the money allegedly owed under the contract. Defendant, in response, filed a motion for accelerated judgment pursuant to GCR 1963, 116, alleging that plaintiff lacked legal capacity to sue and that all claims asserted by plaintiff were barred because the contract upon which plaintiff's claims were based was void and illegal.[1] The trial judge, after a hearing and considering defendant's motion as one for accelerated judgment under GCR 1963, 116, and as one for summary judgment under GCR 1963, 117, found that plaintiff, at the time the alleged occurrences took place, was engaged in a systematic and continuous course of

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] This case is not governed or affected by the new Michigan Business Corporation Act since the cause of action asserted below was pending on the effective date of the new act. MCLA 450.1127(2); MSA 21.200(127)(2).

business in the State of Michigan without being qualified or licensed to do so as required by law. He therefore granted defendant's motion, declared the contract between the parties void and illegal, and dismissed the case with prejudice. It is from this decision that plaintiff appeals.

At the time of these occurrences Behlen Manufacturing Company was a Delaware corporation headquartered in Columbus, Nebraska and maintaining a full-time territorial representative, Mr. Donald Moore, in the State of Michigan. Mr. Moore's job for approximately 8-1/2 years involved servicing the territory of Michigan and northern Ohio. This included contacting prospective customers who were referred to him by plaintiff's main office and ascertaining and satisfying the needs of existing "dealers". Mr. Moore was furnished a car by Behlen to aid in his work and he maintained an office in his home replete with technical promotional literature for distribution among prospective customers and records of all "dealerships", transactions and sales promotions of plaintiff. If, during the course of a sales presentation, problems arose which Mr. Moore was unable to handle, a staff of engineers was available at the home office to aid in their resolution. Similarly, if problems or complaints arose at a job site in Michigan which Mr. Moore was unable to rectify, engineers were available for consultation and, on occasion, were sent to the job site to lend assistance. With respect to the construction in which defendant was engaged, the erection supervisor furnished by plaintiff remained at the construction site for a substantial period of time in an advisory capacity and Mr. Moore also visited the site making recommendations.

According to the records of the Treasurer of the

State of Michigan, plaintiff was neither incorporated in the State of Michigan nor admitted to do business herein as a foreign corporation. Despite this fact, Mr. Moore, through his activities, secured approximately three million dollars worth of sales over a three-year period.

Plaintiff, assuming for the sake of argument that its actions in the State of Michigan were of such a nature as to require it to obtain a certificate of authority, alleges that its failure to do so does not completely bar it from relief in this case. Plaintiff contends that it is, at least, entitled to recover possession of the property it furnished defendant under the contract. Plaintiff, in the proceedings below, at no time sought to recover possession of the property. This contention, therefore, is not now available to it on appeal. *Magnotta v Michigan Millers Mutual Insurance Co,* 35 Mich App 450; 192 NW2d 553, *leave den,* 386 Mich 780 (1972); *Midwest Bridge Co v Highway Department,* 24 Mich App 151; 180 NW2d 117 (1970). Furthermore, it appears from the record below that the roofing system has, with plaintiff's assistance, been made a part of the St. Clair Shores municipal ice arena and is no longer in the possession of defendant. Consequently, any possessory action against defendant would be unavailing. See 19 Michigan Law & Practice, Replevin, § 3, p 495.

Plaintiff next contends that the question of whether it was "doing business" in the State of Michigan should have been determined after trial instead of on the motion for accelerated judgment. Plaintiff further argues that the evidence presented below does not establish that it was "doing business" in this state. We disagree with both of these contentions. The deposition testimony of Mr. Moore establishes beyond doubt that plaintiff was,

as the lower court expressly found, engaged in a
"systematic and continuous course" of doing busi-
ness in this state. The testimony of Mr. Moore is
not disputed by plaintiff. Plaintiff, instead, dis-
agrees with the inferences and conclusions derived
therefrom by the trial judge. Plaintiff's position
and theory were ably presented to the lower court
who found contrary thereto. We have closely ex-
amined the record of the proceedings below and
find ourselves unable to say that the lower court's
determination was erroneous. Indeed, as stated
earlier, the record amply supports such a determi-
nation. The actions of plaintiff in the case at bar
were not merely part of an isolated transaction, as
was the situation in *Long Manufacturing Co, Inc v
Wright-Way Farm Service, Inc,* 391 Mich 82; 214
NW2d 816 (1974), but, rather, were part of a more
comprehensive program within this state. Plaintiff
maintained a full-time representative in the State
of Michigan who, in addition to servicing the
existing "dealers", held "sales promotional clinics"
for the dealer's customers and actively engaged in
making sales presentations to prospective custom-
ers of the dealers. This activity of plaintiff's repre-
sentative was not an infrequent occurrence but
part of his weekly activities. As such, it imbued
plaintiff's activities within this state with an intra-
state character sufficient to require it to comply
with the foreign corporation qualification require-
ment of MCLA 450.93; MSA 21.94. The fact that
plaintiff also engaged in interstate activity within
the State of Michigan does not relieve it of this
responsibility. *Eli Lilly & Co v Sav-On-Drugs, Inc,*
366 US 276; 81 S Ct 1316; 6 L Ed 2d 288 (1961).

Plaintiff also contends that the contract between
the parties is severable into intrastate and inter-
state portions and that, under *Smilansky v Man-*

*del Bros,* 254 Mich 575, 236 NW 866 (1931), the interstate parts thereof are still enforceable. This issue was not pleaded or otherwise presented to the court below and is not, therefore, available to plaintiff on this appeal. *Magnotta v Michigan Millers Mutual Insurance Co, supra; Midwest Bridge Co v Highway Department, supra.*

Plaintiff finally contends that the trial judge erroneously determined the contract between itself and defendant to be void and illegal. We agree. In the case at bar the parties are not in agreement as to where the contract was made. Plaintiff maintains that the contract was entered into in Nebraska while defendant contends that the contract was made in Michigan. The trial judge, however, made no specific finding as to where the contract was made. Accordingly, this Court cannot affirm the lower court's determination that the contract was void by holding that the contract was invalid under MCLA 450.95; MSA 21.96. *Lake States Engineering Corp v Lawrence Seaway Corp,* 15 Mich App 637; 167 NW2d 320 (1969), *leave den,* 383 Mich 761 (1970). MCLA 450.95; MSA 21.96 renders invalid only contracts *made in this state* by a foreign corporation that has not fully complied with the laws relating to the qualification of a foreign corporation to do business herein. See *Show Counselors, Ltd v American Motors Corp,* 48 Mich App 609; 211 NW2d 111 (1973).

We must now, therefore, determine what effect MCLA 450.93; MSA 21.94 and MCLA 600.2021; MSA 27A.2021 have on the case before us, particularly in relation to the validity or invalidity of the contract.

MCLA 450.93; MSA 21.94 provides:

"It shall be unlawful for any foreign corporation to carry on its business in this state, until it shall have

procured from the Michigan corporation and securities commission a certificate of authority for that purpose."

MCLA 600.2021; MSA 27A.2021 provides:

"When, by the laws of this state, any act is forbidden to be done by any corporation, or by any association of individuals, without express authority by law, and such act was done by a foreign corporation, the foreign corporation shall not maintain any action founded upon such act, or upon any liability or obligation, express or implied, arising out of, or made or entered into in consideration of such act."

The above two statutes, when read together, preclude a foreign corporation that has not obtained a certificate of authority from the Michigan Corporation and Securities Commission[2] from maintaining an action founded upon an act of doing business in this state in a manner contrary to law. MCLA 600.2021; MSA 27A.2021 denies access to the courts of this state to a corporation that has not complied with the applicable laws. It does not affect the validity of a contract which is sought to be sued upon as MCLA 450.95; MSA 21.96 does. It simply precludes the foreign corporation from maintaining any action in this state which is founded upon such contract or any acts relating thereto. *Lake States Engineering Corp v Lawrence Seaway Corp, supra.*

We hold, therefore, that the trial judge correctly determined that plaintiff was engaged in a systematic and continuous course of doing business in this state in a manner contrary to law and that the granting of defendant's motion for accelerated judgment under GCR 1963, 116 was proper. We also hold, however, that the trial judge .erro-

[2] Currently the Corporation and Securities Bureau, Corporation Division, of the Department of Commerce.

neously determined the contract between plaintiff and defendant to be void and illegal. Accordingly, we reverse that part of the judgment of the lower court which held the contract void and illegal and remand the case for the entry of a judgment of dismissal consistent with this opinion.

Affirmed in part, reversed in part. Remanded for the entry of a judgment of dismissal consistent with this opinion.

All concurred.