# Syllabus

Chief Justice:
Elizabeth T. Clement

Justices:
Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Megan K. Cavanagh
Elizabeth M. Welch
Kyra H. Bolden

**This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.**

Reporter of Decisions:
Kathryn L. Loomis

JOSTOCK v MAYFIELD TOWNSHIP

Docket No. 165770. Argued April 17, 2024 (Calendar No. 4). Decided July 1, 2024.

Ronald A. Jostock and Susan J. Jostock brought an action in the Lapeer Circuit Court against Mayfield Township, the Mayfield Township Board of Trustees, and A2B Properties, LLC, challenging under the Michigan Zoning Enabling Act (MZEA), MCL 125.3101 *et seq.*, the township board's decision to conditionally rezone property owned by A2B from Residential Agricultural District (R-1) to General Commercial District (C-2). Consistently with principles central to Euclidean zoning, the township's zoning ordinance, adopted in 1973, contains certain zoning districts and allows for certain uses in each zone; under the zoning ordinance, if a principal use is not expressly permitted in a particular zoning district, the use is prohibited. Beginning in 1968, the subject property was the location of the Lapeer International Dragway, and after the township's zoning ordinance was adopted, the dragway operated as a lawful nonconforming use with limited hours of operation—a few hours a day for two days a week, plus some holidays. In 2018, A2B purchased the dragway, expanded the facilities, and increased its hours of operation. In 2019, in a separate action, other parties sought declaratory and injunctive relief, and the circuit court in that action entered a preliminary injunction limiting the hours in which the dragway could operate. In May 2021, A2B filed a conditional-rezoning agreement with the township in accordance with the procedures set forth in MCL 125.3405, seeking to have the property rezoned to C-2, with limitations on when the dragway could operate. Ultimately, the township board approved the conditional-rezoning agreement and conditionally rezoned the property as requested, subject to the terms of the conditional-rezoning agreement. A2B then sought relief from the preliminary injunction issued in the other action, which the circuit court in that action denied. Thereafter, plaintiffs filed the instant action, seeking declaratory relief that the conditional rezoning was erroneous and injunctive relief to enjoin the conditional rezoning. A2B and the township separately moved for summary disposition under MCR 2.116 (C)(10). The court, Nick O. Holowka, J., denied defendants' motions. Instead, the trial court granted declaratory relief to plaintiffs under MCR 2.116(I)(2) but denied plaintiff's request for injunctive relief. In granting declaratory relief, the trial court noted that the rezoning was conditioned on A2B operating the dragway in a specified manner but that because operation of a dragway is not a permitted use in the C-2 district, A2B had erroneously bound itself to perform conditions it could not lawfully perform in that district. On that basis, the trial court held that the conditional rezoning was invalid. The Court of Appeals, M. J. KELLY. P.J., and SWARTZLE and FEENEY, JJ., affirmed the trial court's order, reasoning that the conditional-rezoning agreement was void because use as a dragway was

not an approved use for that area under the township's zoning ordinance. ___ Mich App ___ (June 1, 2023) (Docket No. 362635). The Supreme Court granted A2B's application for leave to appeal. 513 Mich 871 (2023).

In a unanimous opinion by Justice VIVIANO the Supreme Court *held*:

MCL 125.3405 of the MZEA allows a municipality to engage in conditional rezoning. In that regard, MCL 125.3405(1) provides that an owner of land may voluntarily offer in writing, and the local unit of government may approve, certain use and development of the land as a condition to a rezoning of the land or an amendment to a zoning map. In this case, the township's zoning ordinance does not expressly address conditional rezoning or provide procedures to accomplish conditional rezoning. The keystone of a conditional rezoning is that the conditions are voluntarily offered by the property owner in writing, and the local unit of government cannot require the landowner to offer conditions as a requirement of rezoning. Conditional rezoning is a type of rezoning, and therefore, conditional rezoning is a legislative function, just as zoning and traditional rezoning are. Reading MCL 125.3405(1) in context within the entire MZEA, conditional rezoning is invalid under MCL 125.3405(1) if the proposed use is not a permitted use—either by right or after special approval—within the proposed zoning district. A2B's assertion—that MCL 125.3405(1) broadly grants local governments discretion to allow uses inconsistent with their zoning ordinances on a development-by-development basis, without being tied to any standards for approving the proposed use—was inconsistent with rules of statutory interpretation for several reasons. First, that interpretation would render nugatory the phrase "as a condition to rezoning of the land or an amendment to a zoning map" in that the type of zoning district a property is conditionally rezoned to would be immaterial. Second, A2B failed to read the provision in the context of the entire MZEA, and its interpretation was inconsistent with provisions of the township's Euclidean-based zoning ordinance; i.e., that certain uses are allowed in some zones but not in others, and that if a use is not permitted in a zoning district, then it is prohibited in that district. Finally, A2B's interpretation would largely circumvent the need for use variances under MCL 125.3604 by allowing a property owner to avoid having to show that an unnecessary hardship exists to obtain a variance; and just because the township's zoning ordinance does not allow for variances, it does not follow that the MZEA should be interpreted in a way that would circumvent the use-variance process. Given the Court's interpretation of MCL 125.3405—that conditional rezoning is invalid under MCL 125.3405(1) if the proposed use is not a permitted use, either by right or after special approval, within the proposed zoning district—whether the conditional rezoning in this case was valid depended on whether a dragway is a permitted use in the C-2 zoning district. Because the parties did not specifically address this issue below, the judgments of the trial court and the Court of Appeals were vacated, and the case was remanded to the trial court for further proceedings.

Vacated and remanded.

# OPINION

Chief Justice:
Elizabeth T. Clement

Justices:
Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Megan K. Cavanagh
Elizabeth M. Welch
Kyra H. Bolden

FILED July 1, 2024

STATE OF MICHIGAN

SUPREME COURT

RONALD A. JOSTOCK and SUSAN J. JOSTOCK,

      Plaintiffs-Appellees,

v                               No. 165770

MAYFIELD TOWNSHIP and MAYFIELD TOWNSHIP BOARD OF TRUSTEES,

      Defendants,

and

A2B PROPERTIES, LLC,

      Defendant-Appellant.

BEFORE THE ENTIRE BENCH

VIVIANO, J.

At issue is whether Mayfield Township could conditionally rezone a property to allow the use of a dragway when a dragway is not otherwise a permitted use in the new

zoning district. We hold that a conditional rezoning is invalid under MCL 125.3405(1) if the proposed use is not a permitted use—either by right or after special approval—within the proposed zoning district. Whether a dragway is a permitted use in the new zoning district was not an issue specifically addressed by the parties in the proceedings below, and we believe the trial court should have an opportunity to decide that issue with the benefit of our interpretation of MCL 125.3405(1). Therefore, we vacate the judgments of the Lapeer Circuit Court and the Court of Appeals and remand to the Lapeer Circuit Court for further proceedings.

## I. FACTS AND PROCEDURAL HISTORY

The property at issue is located in defendant Mayfield Township (hereinafter, "the Township") and has been the location of the Lapeer International Dragway since 1968. In 1973, the Township adopted its current zoning ordinance. The property is located in what the zoning ordinance designates as R-1 (Residential Agricultural District). Thus, for decades the dragway operated as a lawful nonconforming use with limited hours—a few hours a day for two days a week, plus some holidays.[1] In 2018, defendant A2B Properties,

---

[1] If a use exists at the time a zoning ordinance is enacted, that use may continue despite not conforming to the zoning ordinance. See MCL 125.3208(1) ("If the use of a dwelling, building, or structure or of the land is lawful at the time of enactment of a zoning ordinance or an amendment to a zoning ordinance, then that use may be continued although the use does not conform to the zoning ordinance or amendment."); Mayfield Township Zoning Ordinance, § 1502(2) ("Except as otherwise provided in this Section, any nonconforming lot, use, sign, or structure lawfully existing on the effective date of this Ordinance or subsequent amendment thereto may be continued so long as it remains otherwise lawful. There may be a change of tenancy, ownership, or management of any existing nonconforming uses of land, structure and land in combination.").

LLC (hereinafter, "A2B") purchased the dragway, expanded the facilities, and extended its hours of operation.

In 2019, nearby landowners, who are not the plaintiffs in the present case, sued A2B and others in the Lapeer Circuit Court, seeking declaratory and injunctive relief to abate what they characterized as a nuisance. In 2019, the circuit court entered a preliminary injunction that limited the dragway's hours of operation. The court amended the preliminary injunction in 2020. A2B sought leave to appeal in the Court of Appeals, which denied leave for failure to persuade it of the need for immediate appellate review. *Neuhard v Mayfield Twp*, unpublished order of the Court of Appeals, entered November 17, 2020 (Docket No. 354837).

In May 2021, A2B filed a conditional-rezoning agreement with the Township, seeking to have the property rezoned to C-2 (General Commercial District), subject to limitations on the dragway's hours and operations. A public hearing was held before the

However, the status as a nonconforming use means the property owner cannot expand that use without otherwise bringing the use into compliance with the zoning ordinance. See Mayfield Township Zoning Ordinance, § 1502(3)(d)(1) ("No nonconforming use or structure shall be enlarged upon, expanded, or extended, including extension of hours of operation. Normal maintenance and incidental repair of a nonconforming use shall be permitted, provided that this does not violate any other section of this Ordinance."); see also *Norton Shores v Carr*, 81 Mich App 715, 720; 265 NW2d 802 (1978) ("It is the law of Michigan that the continuation of a nonconforming use must be substantially of the same size and same essential nature as the use existing at the time of passage of a valid zoning ordinance.") (citations and quotation marks omitted).

In separate litigation that is still ongoing, plaintiffs contend that the dragway's status as a *lawful* nonconforming use was terminated because of destruction. For purposes of this opinion, we take no position as to whether the dragway lost its status as a lawful nonconforming use.

Township's planning commission (hereinafter, "the Township Planning Commission"), which recommended that the Township's board of trustees (hereinafter, "the Township Board") approve the conditional-rezoning agreement. A public hearing was held before the Township Board, which voted to approve the conditional-rezoning agreement and conditionally rezoned the property to C-2 subject to the terms of the conditional-rezoning agreement.

Once the conditional rezoning became effective, A2B filed a motion in the circuit court action, seeking relief from the preliminary injunction. The circuit court denied the motion, holding that because dragway operations are not a permitted use in the C-2 district, the conditional rezoning was invalid. The circuit court denied A2B's motion for reconsideration, and the Court of Appeals denied leave for failure to persuade it of the need for immediate appellate review. *Neuhard v New Lapeer Int'l Dragway*, unpublished order of the Court of Appeals, entered February 2, 2022 (Docket No. 359146).[2]

In July 2021, plaintiffs in the present case, Ronald and Susan Jostock, who live near the dragway, sued A2B, the Township, and the Township Board. Plaintiffs sought declaratory relief that the conditional rezoning was erroneous and sought injunctive relief to enjoin the conditional rezoning.[3] A2B and the Township filed separate motions for summary disposition under MCR 2.116(C)(10). The trial court denied those motions, instead granting declaratory relief to plaintiffs under MCR 2.116(I)(2); it denied plaintiffs'

---

[2] As of the time the parties filed their briefs in this Court, that case remained pending in the Lapeer Circuit Court.

[3] They also appealed the Township Board's conditional-rezoning decision but later dropped that claim.

4

request for injunctive relief. The trial court noted that the rezoning was conditioned on A2B operating the dragway in a specified manner. But because operation of a dragway is not a permitted use in the C-2 district, A2B had bound itself to perform conditions it could not lawfully perform. As a result, the trial court concluded that the conditional rezoning was invalid.

A2B appealed, and the Court of Appeals affirmed the trial court in a unanimous opinion. *Jostock v Mayfield Twp*, ___ Mich App ___; ___ NW2d ___ (June 1, 2023) (Docket No. 362635); slip op at 1, 6. The Court of Appeals first noted that plaintiffs did not contest that A2B and the Township satisfied all conditions for a valid conditional-rezoning agreement. After rejecting plaintiffs' argument regarding spot zoning—an issue that we have not asked the parties to brief—the Court turned to whether the conditional rezoning was consistent with the Township's zoning ordinance. The Court noted that the conditional rezoning would allow the property to be used for track rental, vehicle testing, and organized racing, none of which was an allowed use in a C-2 district. The panel then continued its analysis as follows:

> Defendant-appellant argues that the trial court should not be permitted to add a requirement to a conditional zoning agreement that the agreed use be allowed under the existing zoning. It is the Township ordinances, rather than the trial court, that impose limitations on the uses of property in a C-2 zoned area[;] however, obviously, if the agreed use were already permitted under the existing zoning ordinance, a conditional zoning agreement would not be required.

> When the agreed rezoning anticipates a use excluded by the zoning district in question, it is fatal to the operation of the conditional zoning agreement. Thus, the conditional zoning agreement was void according to Mayfield Ordinance § 1101, and as the trial court held, "there is no reasonable governmental interest being advanced" by the agreement. Accordingly, we hold that plaintiffs met their burden in challenging the

5

conditional zoning. See *Kyser* [*v Kasson Twp*], 486 Mich [514,] 521[; 786 NW2d 543 (2010)]. [*Jostock*, ___ Mich App at ___; slip op at 6.]

A2B sought leave to appeal in this Court, and we granted the application, directing the parties to brief:

> (1) whether MCL 125.3405 allows for uses not otherwise authorized in a particular zone; (2) what mechanism was used to authorize the current use as a dragway, and whether that mechanism is available to authorize or expand the use of the appellant's property; (3) whether operation of a dragway is an authorized use under C-2; and (4) whether the township's conditional rezoning of the appellant's property is valid under MCL 125.3405. The time allowed for oral argument shall be 20 minutes for each side. MCR 7.314(B)(1). [*Jostock v Mayfield Twp*, 513 Mich 871, 871 (2023).]

## II. STANDARD OF REVIEW

"We review de novo a trial court's determination regarding a motion for summary disposition. Summary disposition is appropriate if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Clam Lake Twp v Dep't of Licensing & Regulatory Affairs*, 500 Mich 362, 372-373; 902 NW2d 293 (2017) (citations and quotation marks omitted). Questions of statutory interpretation and application, including the interpretation and application of municipal ordinances, are reviewed de novo. *Bonner v Brighton*, 495 Mich 209, 221-222; 848 NW2d 380 (2014).

## III. ANALYSIS

### A. LEGAL BACKGROUND

The Township has a Euclidian zoning ordinance, meaning that the zoning ordinance contains certain zoning districts and allows certain uses in each zone.[4] A key aspect of

---

[4] The term "Euclidean zoning" comes from *Euclid v Ambler Realty Co*, 272 US 365; 47 S Ct 114; 71 L Ed 303 (1926), in which the United States Supreme Court held that the

Euclidean zoning is that if a principal use is not expressly permitted in a zoning district, it is prohibited. See *Pittsfield Twp v Malcolm*, 375 Mich 135, 142; 134 NW2d 166 (1965) ("Under the ordinance which specifically sets forth permissible uses under each zoning classification, . . . absence of the specifically stated use must be regarded as excluding that use."). This is true under the Township's zoning ordinance. See Mayfield Township Zoning Ordinance, § 300 ("No building or structure, or part thereof, shall hereafter be erected, constructed, placed, altered, or moved; and *no new use or change-in-use shall be made of any building, structure, or land, or part thereof; except in conformity with the provisions of this Ordinance*.") (emphasis added).[5]

The state law applicable to zoning in townships is generally the same as the law applicable to municipalities across the state. The Michigan Zoning Enabling Act (MZEA), MCL 125.3101 *et seq*., applies to townships, cities, villages, and counties, although townships are treated differently than cities and villages in some respects.[6] For example, as discussed further below, townships and counties can only grant use variances if, prior to

---

village's zoning ordinance was within the village's police power. See generally 1 Rathkopf's The Law of Zoning and Planning (4th ed), §§ 10:1 and 10:2 (discussing *Euclid* and the basic principles of Euclidean zoning).

[5] Under the Township's zoning ordinance, accessory uses that are "customarily incidental" to permitted principal uses are also allowed. See, e.g., Mayfield Township Zoning Ordinance, §§ 401(15) and 1101(9). No party has argued that the dragway is an accessory use.

[6] Prior to the MZEA's adoption in 2006, see 2006 PA 110, there were separate zoning enabling statutes for cities and villages, for counties, and for townships, respectively. See *Saugatuck Dunes Coastal Alliance v Saugatuck Twp*, 509 Mich 561, 577; 983 NW2d 798 (2022); *id*. at 602 (VIVIANO, J., dissenting).

February 15, 2006, they had granted a use variance or had an ordinance that expressly authorized the granting of a use variance. See MCL 125.3604(9)(b).

In the Township, if a property owner wishes to have its property rezoned, the property owner must file a petition for rezoning and follow the procedures stated in Mayfield Township Zoning Ordinance, § 2100. Rezoning is accomplished by amending the zoning ordinance. Mayfield Township Zoning Ordinance, § 2100; see also MCL 125.3202. The Township Planning Commission first reviews the proposal and holds a public hearing. Mayfield Township Zoning Ordinance, § 2100. The Township Planning Commission then provides a recommendation to the Township Board, which may hold additional public hearings if the Board considers it necessary, after which the Township Board may adopt the proposed zoning ordinance amendment. *Id.*[7]

When the MZEA was adopted in 2006, the Legislature included a provision, MCL 125.3405, allowing a municipality to engage in conditional rezoning.[8] MCL 125.3405 states in full:

> (1) An owner of land may voluntarily offer in writing, and the local unit of government may approve, certain use and development of the land as a condition to a rezoning of the land or an amendment to a zoning map.

---

[7] Under § 2100, the Township Planning Commission is also required to submit a proposed zoning ordinance amendment to the County for review before sending its recommendation to the Township Board.

[8] This was previously allowed under the prior zoning acts for local governments. See former MCL 125.286i, as added by 2004 PA 577 (Township Zoning Act); former MCL 125.584g, as added by 2004 PA 579 (City and Village Zoning Act); former MCL 125.216i, as added by 2004 PA 578 (County Zoning Act). Each zoning act contained a provision nearly identical with MCL 125.3405, with the only difference being the specification of the relevant local unit of government.

(2) In approving the conditions under subsection (1), the local unit of government may establish a time period during which the conditions apply to the land. Except for an extension under subsection (4), if the conditions are not satisfied within the time specified under this subsection, the land shall revert to its former zoning classification.

(3) The local government shall not add to or alter the conditions approved under subsection (1) during the time period specified under subsection (2) of this section.

(4) The time period specified under subsection (2) may be extended upon the application of the landowner and approval of the local unit of government.

(5) A local unit of government shall not require a landowner to offer conditions as a requirement for rezoning. The lack of an offer under subsection (1) shall not otherwise affect a landowner's rights under this act, the ordinances of the local unit of government, or any other laws of this state.

Although some municipalities have adopted conditional-rezoning provisions, see Pierson, *The Background to Michigan's Conditional Zoning Authorization*, 32 Mich Real Prop Rev 67, 70 (Summer 2005), the Mayfield Township Zoning Ordinance does not expressly address conditional rezoning or provide procedures for conditional rezoning. As the Court of Appeals has explained, "the keystone of a conditional rezoning is that the conditions are voluntarily offered by the property owner in writing, and the local unit of government cannot require the landowner to offer conditions as a requirement for rezoning." *Connell v Lima Twp*, 336 Mich App 263, 268; 970 NW2d 354 (2021). Conditional rezoning is a type of rezoning; therefore, conditional rezoning is a legislative function, just as zoning and traditional rezoning are. See *id*. at 283, 285.

## B. CONDITIONAL REZONING DOES NOT ALLOW FOR USES NOT OTHERWISE PERMITTED IN A PARTICULAR ZONE

At its core, the issue in this case is one of statutory interpretation: Does MCL 125.3405 provide a township with authority to approve a conditional-rezoning application that would allow a use not otherwise permitted in the proposed zoning district? The principles that guide our interpretation of statutes are, by now, well known:

> We interpret statutes to discern and give effect to the Legislature's intent, and in doing so we focus on the statute's text. Undefined terms are presumed to have their ordinary meaning, unless they have acquired a peculiar and appropriate meaning in the law, in which case we accord them that meaning. The statute must be considered as a whole, reading individual words and phrases in the context of the entire legislative scheme. Unambiguous statutes are enforced as written. [*Clam Lake Twp*, 500 Mich at 373 (citations and quotation marks omitted).]

Additionally, "[w]hen possible, we strive to avoid constructions that would render any part of the Legislature's work nugatory." *People v Seewald*, 499 Mich 111, 123; 879 NW2d 237 (2016).

A2B's interpretation of the statute is inconsistent with our principles of statutory interpretation. First, A2B would read MCL 125.3405(1) in a way that renders a portion of that provision nugatory. A2B argues that when granting a conditional-rezoning request, a township may approve any use presented by an applicant, even one that is not otherwise permitted in the proposed new zoning district for the property. In essence, A2B would shorten MCL 125.3405(1) so that it reads: "An owner of land may voluntarily offer in writing, and the local unit of government may approve, certain use and development of the land." In doing so, it would render nugatory the phrase that follows: "as a condition to a rezoning of the land or an amendment to a zoning map." Both "rezoning of the land" and

10

"an amendment to a zoning map" involve changing the zoning classification for a specific property or properties. See *Connell*, 336 Mich App at 267.

If we were to accept A2B's argument, the type of zoning district a property is conditionally rezoned to would be immaterial. For example, under A2B's argument, instead of conditionally rezoning the property in this case to C-2, it would have been just as proper to conditionally rezone it to RM (multiple-family residential) in order to approve the use of the dragway. But if a use can be one that is not permitted in the new zone—i.e., it is irrelevant what the property is zoned to as long as the municipality allows the use when it grants the conditional rezoning—then the language "as a condition to a rezoning of the land or an amendment to a zoning map" does no work in MCL 125.3405(1). In other words, A2B would apply the conditions only to the approval of the proposed use and development, not to the rezoning or map amendment. This would unnecessarily and improperly render the latter portion of MCL 125.3405(1) nugatory. See *Seewald*, 499 Mich at 123.

Second, A2B fails to read MCL 125.3405(1) in the context of the entire MZEA, and its interpretation is inconsistent with provisions in the Township's zoning ordinance. As noted, the entire need for rezoning stems from the principles central to Euclidean zoning that are contained in the Township's zoning ordinance: (1) that certain uses are allowed in some zones but not in others and (2) that if a use is not permitted in a zoning district, then it is prohibited in that district. Mayfield Township Zoning Ordinance, § 300 prohibits new uses that do not conform with its zoning ordinance, and the provision for each zoning district lists uses permitted by right and those uses permitted after special approval, see Mayfield Township Zoning Ordinance, Articles IV through XIII. These restrictions are

11

consistent with the Township's authority to zone under MCL 125.3201.  A2B would read

MCL 125.3405(1) as broadly granting local governments discretion to allow uses

inconsistent with their zoning ordinances on a development-by-development basis,

untethered to any standards for approving the proposed use.  Nothing in the Township's

zoning ordinance or the MZEA grants such unfettered discretion.

Relatedly, A2B's interpretation of MCL 125.3405(1) would largely circumvent the

need for use variances under MCL 125.3604.[9]  Unlike a conditional rezoning, a property

---

[9] MCL 125.3604 governs appeals to zoning boards and applications for variances. Regarding use variances specifically, it states:

> (7) If there are practical difficulties for nonuse variances as provided in subsection (8) or unnecessary hardship for use variances as provided in subsection (9) in the way of carrying out the strict letter of the zoning ordinance, the zoning board of appeals may grant a variance in accordance with this section, so that the spirit of the zoning ordinance is observed, public safety secured, and substantial justice done.  The ordinance shall establish procedures for the review and standards for approval of all types of variances. The zoning board of appeals may impose conditions as is otherwise allowed under this act.

> * * *

> (9) The authority to grant variances from uses of land is limited to the following:

> (a) Cities and villages.

> (b) Townships and counties that as of February 15, 2006 had an ordinance that uses the phrase "use variance" or "variances from uses of land" to expressly authorize the granting of use variances by the zoning board of appeals.

> (c) Townships and counties that granted a use variance before February 15, 2006.

12

owner seeking a use variance must show an "unnecessary hardship."  MCL 125.3604(7).

Under A2B's interpretation of MCL 125.3405(1), instead of having to apply for a use

variance when a proposed use is not permitted in the underlying zoning district, a property

owner could simply conditionally rezone the property to any district.  And as long as the

conditional-rezoning agreement allows for the proposed use, that would be sufficient to

allow the use.  By doing so, the property owner would be able to avoid having to show that

an unnecessary hardship exists.

Here, the Township's zoning ordinance does not allow for use variances other than

temporary uses.  See Mayfield Township Zoning Ordinance, § 1708(2) ("A use variance

shall not be permitted, except as described under Section 1707.4, Approval of Temporary

Uses.").  But the fact that the zoning ordinance does not allow for use variances does not

mean the MZEA should be interpreted in a way that circumvents the use-variance process.

---

(10) The authority granted under subsection (9) is subject to the zoning ordinance of the local unit of government otherwise being in compliance with subsection (7) and having an ordinance provision that requires a vote of $^2/_3$ of the members of the zoning board of appeals to approve a use variance.

(11) The authority to grant use variances under subsection (9) is permissive, and this section shall not be construed to require a local unit of government to adopt ordinance provisions to allow for the granting of use variances.

13

In summary, we agree with all of the amici[10] in this case that, in order to be valid under MCL 125.3405(1), the proposed use must be a permitted use within the proposed zoning district—either by right or after special approval.[11]

The question of whether the conditional rezoning of A2B's property is valid depends on whether a dragway is a permitted use in the C-2 zoning district in the Township. Both lower courts held that the conditional-rezoning agreement was void under the Township's zoning ordinance because it allowed a use not otherwise permitted in the new zoning district. But the issue of whether a dragway is a permitted use in the C-2 district was not specifically addressed by the parties in the proceedings below. Therefore, we believe the trial court should be given an opportunity to address this question and any other questions that the parties may properly raise in light of our holding regarding MCL 125.3405(1).[12]

---

[10] The amici who have submitted briefs in this case include the Real Property Law Section of the State Bar of Michigan, the Michigan Townships Association, the Michigan Association of Planning, the Michigan Municipal League, and the Government Law Section of the State Bar of Michigan.

[11] To be clear, this does not mean that the proposed use must be explicitly listed as one of the enumerated permitted uses in the proposed zoning district. Many zoning ordinances, including the Township's, include language indicating that uses similar to those specifically listed are permitted in a given zoning district. If the proposed use falls under such a provision, the conditional rezoning would not be barred by the statute as we have interpreted it in this opinion.

[12] To be clear, we take no position on the proper interpretation of the Township's zoning ordinance with respect to whether a dragway is a permitted use in the C-2 zoning district.

14

## IV.  CONCLUSION

A conditional rezoning is invalid under MCL 125.3405(1) if the proposed use is not a permitted use—either by right or after special approval—within the proposed zoning district.  Whether the conditional rezoning in this case is valid depends on whether a dragway is a permitted use in the Township's C-2 zoning district.  Therefore, we vacate the judgments of the Lapeer Circuit Court and the Court of Appeals and remand to the Lapeer Circuit Court for further proceedings not inconsistent with this opinion.

David F. Viviano
Elizabeth T. Clement
Brian K. Zahra
Richard H. Bernstein
Megan K. Cavanagh
Elizabeth M. Welch
Kyra H. Bolden

15